1  Darrell L. Olson (Bar No. 77633)
   darrell.olson@knobbe.com
2  Edward A. Schlatter (Bar No. 120177)
   edward.schlatter@knobbe.com
3  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Suite 1400
4  Irvine, CA 92614
   Telephone:  949-760-0404
5  Facsimile:  949-760-9502

6
   Timothy J. Goodson (Bar No. 244649)
7  timothy.goodson@kmob.com
   KNOBBE, MARTENS, OLSON & BEAR, LLP
8  333 Bush Street, 21st Floor
   San Francisco, CA 94104
9  Telephone:  415-954-4114
   Facsimile:  415-954-4111
10
   Attorneys for Defendant/Counterclaimant
11 SPECIALIZED BICYCLE COMPONENTS, INC.

12
                    IN THE UNITED STATES DISTRICT COURT
13
                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
14

15

16 | ICON-IP PTY LTD.,                    | ) Case No. CV-12-3844 DMR |
   |                                       | )                         |
17 |        Plaintiff/Counterdefendant,    | )                         |
   |                                       | ) **SPECIALIZED BICYCLE COMPONENTS,** |
18 |        v.                             | ) **INC.'S ANSWER TO ICON-IP PTY, LTD.'S** |
   |                                       | ) **COMPLAINT AND COUNTERCLAIM** |
19 | SPECIALIZED BICYCLE                   | )                         |
   |     COMPONENTS, INC.,                 | ) **Hon. Donna M. Ryu**   |
20 |                                       | )                         |
   |        Defendant/Counterclaimant.     | )                         |
21 |                                       | )                         |
   |                                       | )                         |

22

23

24

25

26

27

28

1       Defendant SPECIALIZED BICYCLE COMPONENTS, INC. ("Specialized") hereby

2   answers the Complaint of Plaintiff ICON-IP PTY LTD. ("Icon") as follows:

3                      **NATURE OF THE SUIT**

4       1.      Specialized admits that the Complaint purports to assert a civil action arising

5   under the patent laws of the United States, Title 35 of the United States Code.

6                          **PARTIES**

7       2.      Specialized lacks sufficient information to admit or deny the allegations in

8   Paragraph 2 of the Complaint, and on that basis denies those allegations.

9       3.      Specialized lacks sufficient information to admit or deny the allegations in

10  Paragraph 3 of the Complaint, and on that basis denies those allegations.

11      4.      Specialized admits the allegations in Paragraph 4 of the Complaint.

12      5.      Specialized denies the allegations in Paragraph 5 of the Complaint.

13             **JURISDICTION AND VENUE**

14      6.      Specialized admits that the Complaint purports to set forth causes of action for

15  infringement of United States patents and that these causes of action arise under 35 U.S.C. §

16  271. Specialized also admits that this Court has jurisdiction over the subject matter of this

17  action under 28 U.S.C. §§ 1331 and 1138(a). Specialized denies that there is any basis for

18  this action, and any remaining allegations in Paragraph 6 of the Complaint.

19      7.      Specialized admits that it transacts business in California and is willing to

20  submit to the personal jurisdiction of this Court for this litigation. Specialized denies the

21  remaining allegations in Paragraph 7 of the Complaint.

22      8.      Specialized admits that venue is proper in this judicial district and that

23  Specialized transacts in this judicial district. Specialized denies the remaining allegations of

24  Paragraph 8 of the Complaint.

25          **ALLEGED PATENT INFRINGEMENT**

26      9.      Specialized denies the allegations in Paragraph 9 of the Complaint.

27      10.    Specialized denies the allegations in Paragraph 10 of the Complaint.

28      11.    Specialized denies the allegations in Paragraph 11 of the Complaint.

1    12.    Specialized denies the allegations in Paragraph 12 of the Complaint.

2    13.    Specialized lacks sufficient information to admit or deny the allegations in

3    Paragraph 13 of the Complaint, and on that basis denies those allegations.

4    **RESPONSE TO PRAYER FOR RELIEF**

5    Icon's Prayer for Relief does not state any allegations for which a responsive pleading

6    is required.  To the extent it does state such an allegation, Specialized denies that Icon is

7    entitled to any relief and denies any allegations in Icon's Prayer for Relief for which a

8    responsive pleading is required.

9    **AFFIRMATIVE DEFENSES**

10    Without assuming any burden that it would not otherwise bear, and reserving the right

11    to amend this Answer to assert additional defenses as they may become known during

12    investigation and discovery, Specialized asserts the following separate and additional

13    defenses.

14    **FIRST AFFIRMATIVE DEFENSE**

15    **INVALIDITY OF THE PATENTS-IN-SUIT**

16    14.    One or more of the claims of the '938 patent are invalid for failure to satisfy

17    one or more of the statutory requirements of the patents laws including without limitation 35

18    U.S.C. §§ 102, 103, 112 and/or 282.

19    15.    One or more of the claims of the '180 patent are invalid for failure to satisfy

20    one or more of the statutory requirements of the patents laws including without limitation 35

21    U.S.C. §§ 102, 103, 112 and/or 282

22    **SECOND AFFIRMATIVE DEFENSE**

23    **NONINFRINGEMENT OF  THE PATENTS-IN-SUIT**

24    16.    Specialized has not infringed and does not presently infringe, directly, by

25    inducement, or contributorily, any valid claim of the '938 patent, either literally or under the

26    doctrine of equivalents.

27    / / /

28    / / /

-2-                    Answer and Counterclaim
                       Case no.  CV 12-3844 DMR

1    17.    Specialized has not infringed and does not presently infringe, directly, by

2    inducement, or contributorily, any valid claim of the '180 patent, either literally or under the

3    doctrine of equivalents.

### THIRD AFFIRMATIVE DEFENSE

### LACK OF STANDING

6    18.    On information and belief, Icon's patent infringement claims as set forth in its

7    Complaint are barred, in whole or in part, because Icon does not have standing to bring the

8    claims.

### FOURTH AFFIRMATIVE DEFENSE

### LACHES

11    19.    Icon's claim to damages is barred, in whole or in part, under the equitable

12    doctrines of laches, estoppel and/or acquiescence.

13    20.    Icon unreasonably delayed in bringing suit against Specialized, and that

14    unreasonable delay caused prejudice to Specialized.

### FIFTH AFFIRMATIVE DEFENSE

### LIMITATIONS ON DAMAGES AND COSTS

17    21.    Pursuant to 35 U.S.C. § 286, Icon is barred from recovering any damages for

18    acts that occurred more than six years before it filed the Complaint in this action.

19    22.    Icon failed to provide adequate notice to Specialized of alleged infringement

20    and is therefore barred under 35 U.S.C. § 287 from recovering damages prior to the date of

21    the filing of the Complaint.

### COUNTERCLAIM

23    For its counterclaim against Counterclaim-Defendant ICON-IP PTY LTD. ("Icon"),

24    Counterclaimant  SPECIALIZED  BICYCLE  COMPONENTS,  INC.  ("Specialized")

25    respectfully states as follows:

26    / / /

27    / / /

28    / / /

1

**PARTIES**

2

1.      Specialized is a corporation organized under the laws of the State of

3

California, with its principal place of business at 15130 Concord Circle, Morgan Hill, CA

4

95037.

5

2.      Icon alleges in its Complaint that it is an Australian proprietary limited

6

company with its principal place of business at c/o Babbage & Co., Suite 5, 151 Riversdale

7

Road, Hawthorn, 3122, Victoria, Australia.

8

**JURISDICTION AND VENUE**

9

3.      This Court has personal jurisdiction over Icon by virtue of its having submitted

10

to the personal jurisdiction of this Court through the filing of this lawsuit.

11

4.      Icon has alleged that it is the owner of U.S. Patent Nos. 6,378,938 ("the '938

12

patent") and 6,254,180 ("the '180 patent") (collectively, "the Patents-in-Suit").

13

5.      In bringing this action, Icon has asserted that Specialized is infringing the

14

Patents-in-Suit.  Specialized denies any such infringement, and alleges that the Patents-in-Suit

15

are invalid.  Accordingly, an actual controversy exists between Specialized and Icon regarding

16

the validity of the Patents-in-Suit, and infringement of the Patents-in-Suit based upon any

17

conduct of Specialized.

18

6.      Specialized asserts this counterclaim under the Federal Declaratory Judgment

19

Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory judgments under the patent laws of the

20

United States, Title 35 of the United States Code, that the Patents-in-Suit asserted by Icon are

21

not infringed and are invalid.  The counts of the counterclaim are based upon an actual

22

controversy, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331,

23

1338(a), 2201 and 2202, and 35 U.S.C. § 1, *et seq.*

24

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(c).

25

**FIRST COUNT:**

26

**DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '938 PATENT**

27

8.      Specialized incorporates and realleges here the allegations set forth in

28

paragraphs 1-7 of this counterclaim.

9. Specialized has not engaged in any conduct constituting infringement of the '938 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

10. Specialized seeks a declaration from this Court that Specialized has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid claims of the '938 patent.

## SECOND COUNT:

## DECLARATORY JUDGMENT OF INVALIDITY OF THE '938 PATENT

11. Specialized incorporates and realleges here the allegations set forth in paragraphs 1-10 of this counterclaim.

12. One or more claims of the '938 patent are invalid for failure to satisfy one or more requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, 112 and/or 282, and the rules, regulations and laws pertaining thereto.

13. Specialized seeks a declaration from this Court that one or more claims of the '938 patent are invalid.

## THIRD COUNT:

## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '180 PATENT

14. Specialized incorporates and realleges here the allegations set forth in paragraphs 1-13 of this counterclaim.

15. Specialized has not engaged in any conduct constituting infringement of the '180 patent under any theory, including literal infringement, infringement under the doctrine of equivalents, and direct or indirect infringement of any kind.

16. Specialized seeks a declaration from this Court that Specialized has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid claims of the '180 patent.

/ / /

/ / /

/ / /

Answer and Counterclaim
                                                        Case no. CV 12-3844 DMR

1

**FOURTH COUNT:**

2

**DECLARATORY JUDGMENT OF INVALIDITY OF THE '180 PATENT**

3          17.     Specialized incorporates and realleges here the allegations set forth in

4    paragraphs 1-16 of this counterclaim.

5          18.     One or more claims of the '180 patent are invalid for failure to satisfy one or

6    more requirements of the patent laws, including without limitation 35 U.S.C. §§ 102, 103, 112

7    and/or 282, and the rules, regulations and laws pertaining thereto.

8          19.     Specialized seeks a declaration from this Court that one or more claims of the

9    '180 patent are invalid.

10                                   **REQUEST FOR RELIEF**

11         WHEREFORE, Specialized respectfully requests the following relief:

12         A.     That Icon take nothing by its Complaint;

13         B.     That the Court dismiss with prejudice all claims against Specialized in Icon's

14   Complaint and deny all relief requested by Icon;

15         C.     That the Court enter judgment declaring the '938 patent to be invalid;

16         D.     That the Court enter judgment declaring that no claim of the '938 patent is

17   infringed or has been infringed by Specialized;

18         E.     That the Court enter judgment declaring the '180 patent to be invalid;

19         F.     That the Court enter judgment declaring that no claim of the '180 patent is

20   infringed or has been infringed by Specialized;

21         G.     That the Court find this case to be exceptional under 35 U.S.C. § 285 and that

22   Specialized is entitled to recovery of reasonable attorneys' fees and costs;

23         H.     That the Court award Specialized relief under 28 U.S.C. § 2202; and

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

Answer and Counterclaim
                                            Case no.  CV 12-3844 DMR

1      I.      That Specialized be awarded such other and further relief as the Court deems

2   just, equitable and proper.

3                                                 KNOBBE, MARTENS, OLSON & BEAR, LLP

4

5   Dated:  August 14, 2012                  By:  s/Timothy J. Goodson
                                                  Darrell L. Olson
6                                                 Edward A. Schlatter
                                                  Timothy J. Goodson
7
                                              Attorneys for Defendant/Counterclaimant
8                                             SPECIALIZED BICYCLE COMPONENTS, INC.

9   13714499

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28