UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br><br>Defendant. | Case No. 12-cv-03844-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: ECF No. 34 |

In this action for patent infringement, Plaintiff Icon moves for leave to amend its infringement contentions to add 53 products to the 33 products it originally accused of infringement. For the reasons set forth below, the motion is GRANTED IN PART and DENIED IN PART.

## I.   LEGAL STANDARD

The Northern District of California has adopted local rules that require parties to state with specificity early in the litigation their contentions with respect to infringement and invalidity. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1359 (Fed. Cir. 2006).

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" include (1) an adverse claim construction, (2) recent discovery of material prior art despite an earlier diligent search, and (3) recent discovery of nonpublic information about the accused product that was not discovered before service of the contentions despite diligent efforts. Patent L.R. 3-6(a)-(c).

In determining whether good cause exists, the court first must consider whether the party seeking amendment was diligent in moving for leave to amend. *O2 Micro*, 467 F.3d at 1368. If

the moving party establishes diligence, the court then considers whether the proposed amendment would prejudice the non-moving party. *Id.* If the court finds that the moving party was not diligent, the court need not consider the question of prejudice. *Id.*

## II. DISCUSSION

Icon claims that Specialized's bicycle seats infringe two of its patents, namely U.S. Patent No. 6,378,938 ("the '938 patent") and U.S. Patent No. 6,254,180 ("the '180 patent"). Compl. ¶¶ 1-5, ECF No. 1.

Icon served its first set of infringement contentions on November 28, 2012, in which it accused 31 models of bicycle seats of infringing the '938 patent and 33 models of bicycle seats of infringing the '180 patent. LaValley Decl. ¶ 2 & Ex. A, ECF No. 34-1. Thirteen days later, Specialized informed Icon that its infringement contentions did not comply with the requirements of Patent Local Rule 3-1.[1] LaValley Decl. ¶ 3 & Ex. B, ECF No. 34-1.

On January 14, 2013, Specialized served to Icon its invalidity contentions and related document production, which included manuals of bicycle-seat models that Specialized no longer sells on its website. Olson Decl., Ex. T, ECF No. 38.

Icon now moves to amend its infringement contentions to add 53 models ("the new models") to the 33 models it originally accused of infringement. Icon claims to have discovered the potential infringement of most of these models after receiving Specialized's document production in January 2013. LaValley Decl. ¶ 7. Additionally, Icon contends that all 53 models are similar to the models it originally accused of infringement, and thus, its theories of infringement will not change as a result of the proposed amendments.

Specialized opposes the addition of all but four of the 53 new models. Specialized contends that Icon was not diligent in moving for leave to amend its contentions to add the 49 models at issue because it had access to sufficient information about such models prior to the

---

[1] Without first obtaining leave of court, Icon served amended contentions on Specialized on December 31, 2012. LaValley Decl. ¶ 6 & Ex. C. Icon contends that the purpose of the amendment was to remove certain models, to cure the deficiencies identified by Specialized, and to add two models that Specialized began to sell until after Icon served its original infringement contentions. Because these contentions do not comply with Patent Local Rule 3-6, as Icon did not obtain leave of court before making the amendments, the contentions have no legal effect.

2

deadline for serving its original infringement contentions.

The new models fall into two categories. The Court addresses the merits of Icon's motion with respect to each of these categories in turn.

### A. The RBX Models, the Toupe SL Carbon Model, and the Indie XC Sport Gel Model

The first category is comprised of four bicycle-seat models. Two of them are newer versions of models that Icon originally accused of infringement and that Specialized did not offer for sale until after Icon had served its original infringement contentions. These models are the Toupe RBX Comp Gel and the Toupe RBX Expert ("the RBX models"). The other two models are the Toupe SL Carbon and the Indie XC Sport Gel.

Specialized agrees to stipulate to the addition of the RBX Models, the Toupe SL Carbon, and the Indie XC Sport Gel to Icon's infringement contentions in the interest of narrowing the issues in Icon's motion. Opp'n at 6-7, ECF No. 37. Accordingly, Icon's motion for leave to amend its contentions to add these four models as accused instrumentalities is GRANTED.

### B. The Older Models

The second category is comprised of the remaining 49 models, which Specialized no longer sells on its website ("the older models").

The Court first considers whether Icon was diligent in seeking leave to amend. A party seeking to add accused products to its infringement contentions must do so as soon as it discovers nonpublic information about the accused product that was not discovered before service of the contentions despite diligent efforts. Patent L.R. 3-6(a)-(c). "In considering the party's diligence, the critical question is whether the party "could have discovered [the new information] earlier had it acted with the requisite diligence." *Dynetix Design Solutions Inc. v. Synopsys Inc.*, No. 11-cv-05973 PSG, 2012 WL 6019898, at *2 (N.D. Cal. Dec. 3, 2012) (citation omitted).

Icon argues that it was diligent in seeking leave to amend its contentions because it did so soon after Specialized served it with manuals pertaining to the older models. It further claims that information concerning the older models was not "readily discoverable." Reply at 3, ECF No. 41.

Specialized argues that Icon was not diligent because it was in possession of all of the information it needed to make its infringement contentions with respect to the older models months before the deadline to serve infringement contentions. First, Specialized contends that an

3

email sent by Icon's counsel to Specialized's counsel shows that Icon had information about the older models prior to the deadline for serving infringement contentions. The email has four attachments that contain descriptions and images of all of the older models; none of the attachments were produced by Specialized to Icon and all of them show that they were printed out prior to the deadline to serve infringement contentions. *See* Olson Decl., Ex. L-P, ECF No. 38. Second, Specialized contends that information about the older models is publicly available on its website and in the internet archive known as "the Wayback Machine," and that Icon's possession of the attachments discussed above shows that Icon was aware of the public availability of such information, as such attachments came from the internet archive.

In its reply, counsel for Icon argue that they did not possess the attachments at issue prior to the deadline to serve infringement contentions because *their own client* sent them the attachments after deadline to serve infringement contentions. *See* Reply at 2-3, ECF No. 41; LaValley Decl. ¶ 2, ECF No. 42. Icon further argues that it was not required to search the Wayback Machine to obtain information about the older models because the information on such website is "incomplete and unreliable." Reply at 3, ECF No. 41. Icon, however, does not dispute Specialized's contention that information about the older models is publicly accessible on Specialized's website.

The Court concludes that Icon has failed to satisfy its burden to show that it was diligent. The evidence before the Court strongly suggests that Icon possessed information about the older models prior to the deadline for serving its infringement contentions, namely the attachments discussed above, and that Icon could have discovered additional information about such products by conducting a meaningful investigation of Specialized's website prior to serving its contentions. Notably, Icon has not justified its failure to exchange information about the older models with its own counsel prior to the infringement-contentions deadline, or explained why the information on Specialized's website with respect to the older models would have been insufficient for the purpose of determining whether the older models infringe its patents. Given these circumstances, Icon's request to more than double the number of accused products in this case is unjustified. *See Dynetix*, 2012 WL 6019898, at *3 (denying leave to amend infringement contentions to add a new accused product for failure to show diligence and noting that "[l]ke all patent cases, this case must

4

narrow as it moves forward, not expand").

Having concluded that Icon has not shown diligence, the Court need not consider the second question of prejudice to Specialized.

Accordingly, Icon's motion for leave to amend its contentions to add models other than the four discussed in the previous section of this Order is DENIED.

### III. CONCLUSION

Icon's motion for leave to amend its infringement contentions is GRANTED IN PART and DENIED IN PART. Icon may amend its infringement contentions to add the RBX Models, the Toupe SL Carbon, and the Indie XC Sport Gel as accused instrumentalities. Icon may not add any other models to its contentions without leave of court. Any amended contentions must be served on Specialized within fifteen days of the date this Order is filed.

**IT IS SO ORDERED**.

Dated: April 28, 2013

JON S. TIGAR
United States District Judge