Martin L. Fineman (Bar No. 104413)
martinfineman@dwt.com
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6575
Facsimile: (415) 276-6599

Raymond P. Niro
rniro@nshn.com
Frederick C. Laney (*pro hac vice*)
laney@nshn.com
Ashley E. LaValley (*pro hac vice*)
alavalley@nshn.com
NIRO, HALLER & NIRO
181 W. Madison, Suite 4600
Chicago, Illinois  60602
Phone: (312) 236-0733
Fax: (312) 236-3137
**Attorneys for Plaintiff ICON-IP PTY LTD.**

Darrell L. Olson (Bar No. 77633)
darrell.olson@knobbe.com
Edward A. Schlatter (Bar No. 120177)
edward.schlatter@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Suite 1400
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Timothy J. Goodson (Bar No. 244649)
timothy.goodson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
Phone: (415) 954-4114
Fax: (415) 954-4111
**Attorneys for Defendant SPECIALIZED BICYCLE COMPONENTS, INC.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ICON-IP PTY, LTD., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> SPECIALIZED BICYCLE COMPONENTS, INC., <br><br> Defendant/Counterclaimant. | ) Case No. CV-12-3844 JST <br> ) <br> ) **JOINT CLAIM CONSTRUCTION AND** <br> ) **PREHEARING STATEMENT** <br> ) **PURSUANT TO PATENT LOCAL RULE** <br> ) **4-3** <br> ) <br> ) <br> ) <br> ) <br> ) Hon. Jon S. Tigar <br> ) |

Pursuant to N.D. Cal. Patent Local Rule 4-3 and in compliance with the Scheduling Order of May 28, 2013 (Docket No. 51), Plaintiff/Counterdefendant ICON-IP PTY LTD ("Icon") and Defendant/Counterclaimant SPECIALIZED BICYCLE COMPONENTS, INC. ("Specialized") jointly submit this Joint Claim Construction and Prehearing Statement for the construction of U.S. Patent Nos. 6,254,180 ("the '180 patent") and 6,378,938 ("the '938 patent").

## I. CONSTRUCTIONS OF AGREED-UPON TERMS PURSUANT TO N.D. CAL. PATENT L.R. 4-3(A)

The parties have not identified any claim terms for which the parties agree upon the construction.

## II. PROPOSED CONSTRUCTIONS OF DISPUTED TERMS PURSUANT TO N.D. CAL. PATENT L.R. 4-3(B)

Each party's proposed construction of each disputed term, together with an identification of all references from the specification or prosecution history that support that construction, and an identification of any extrinsic evidence known to the party on which it intends to rely either to support its proposed construction or to oppose any other party's proposed construction, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses are attached as:

- **Exhibit A** (Icon's constructions of claim terms and supporting evidence); and
- **Exhibit B** (Specialized's constructions of claim terms and supporting evidence).

## III. IDENTIFICATION OF SIGNIFICANT AND CLAIM DISPOSITIVE TERMS PURSUANT TO N.D. CAL. PATENT L.R. 4-3(C)

**A.    '180 Patent**

The parties identify the following as the terms in the '180 patent whose construction will be most significant to the resolution of the case:

/ / /

/ / /

**"Hinge" Terms**

1. "at least one hinge between each of the first and second portions and the front portion for allowing each of the first and second support portions to undergo substantially independent arcuate movement" (Claim 1)

2. "a hinge for allowing each of the first and second support portions to undergo substantially independent movement arcuate relative to one another and the nose portion" (Claim 12)

3. "a hinge allowing the two separate support portions to undergo substantially independently movement" (Claim 14)

**"Stop Means" Terms**

4. "stop means for limiting the amount of movement of the first and second support portions" (Claim 12)

5. "stop means is provided for limiting movement of the two support portions" (Claim 22)

Specialized believes that the "hinge" terms (nos. 1-3) listed above are dispositive of the '180 patent. Further, Specialized believes that "stop means" terms (nos. 4-5) listed above are independently dispositive of the claims in which the term appears.

Icon disagrees that the "hinge" terms (nos. 1-3) and "stop means" terms (nos. 4-5) are independently dispositive of the '180 patent. Icon does not presently believe any of the identified terms are dispositive of the '180 patent.

B.   **'938 Patent**

The parties identify the following as the terms in the '938 patent whose construction will be most significant to the resolution of the case:

**"Permanently Transverse" Terms**

6. "permanently transverse with respect to the longitudinal axis of the bicycle when the support means couples the seat to the bicycle so that without other supports, it is not possible to permanently sit on the [inclined surface/abutment means] with

1  the backbone of the [rider/person] arranged generally vertically"  (Claims 1, 5, 11,
2  12, 13, 14)

3  **"Abutment Means" Terms**

4  7. "an inclined surface forming abutment means for receiving a portion of a rider's
5  anatomy which is adjacent to at least one of the rider's ischial bones" (Claim 1)
6  8. "an inclined surface forming abutment means against which a rider's tissue can
7  abut" (Claims 5, 11)
8  9. "an inclined surface forming abutment means for receiving substantially only that
9  portion of a person's seating anatomy which covers at least a part of one of the
10  person's ischial bones thereof" (Claim 12)
11  10. "an inclined surface [portion] forming abutment means intended for receiving a
12  portion of a person's seating anatomy which covers at least a part of one of the
13  person's ischial bones thereof" (Claims 13, 14)

14  Specialized believes that "permanently transverse" term (no. 6) listed above is
15  dispositive of the '938 patent.  Further, Specialized believes that the "abutment means" terms
16  (nos. 7-10) listed above are independently dispositive of the '938 patent.

17  Icon disagrees that the "permanently transverse' term (no. 6) and "abutment means"
18  terms (nos. 7-10) are independently dispositive of the '938 patent. Icon does not presently
19  believe any of the identified terms are dispositive of the '938 patent.

20  **IV. THE ANTICIPATED LENGTH OF TIME NECESSARY FOR THE CLAIM
21  CONSTRUCTION HEARING PURSUANT TO N.D. CAL. PATENT L.R. 4-3(D)**

22  In the Scheduling Order of May 28, 2013 (Docket No. 51), the Court set a technology
23  tutorial to begin at 10:00 a.m. on October 8, 2013 and permitted 45 minutes per side.  The
24  parties agree that they will be able to make their technology tutorial presentation within the
25  allotted time.  The Scheduling Order also set the Claim Construction Hearing to begin at 2:00
26  p.m. on October 8, 2013.  The parties expect that they will be able to complete their oral
27  arguments on claim construction within that single afternoon.
28  / / /

## V. WHETHER THE PARTIES PROPOSE TO CALL WITNESSES AT THE CLAIM CONSTRUCTION HEARING PURSUANT TO N.D. CAL. PATENT L.R. 4-3(E)

Neither party proposes to call any witnesses at the Claim Construction Hearing.

Respectfully submitted,

NIRO, HALLER & NIRO

Dated: June 4, 2013

By: */s/ Ashley E. LaValley*
Martin L. Fineman
Raymond P. Niro
Frederick C. Laney (*admitted pro hac vice*)
Ashley E. LaValley (*admitted pro hac vice*)
Attorneys for Plaintiff/Counterdefendant ICON-IP PTY, LTD.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: June 4, 2013

By: */s/ Timothy J. Goodson*
Darrell L. Olson
Edward A. Schlatter
Timothy J. Goodson
Attorneys for Defendant/Counterclaimant
SPECIALIZED BICYCLE COMPONENTS, INC.

15217689