# EXHIBIT A

## Icon's Constructions and Supporting Evidence Pursuant to N.D. Cal. Patent L.R. 4-3

**Terms to be construed in U.S. Patent No. 6, 265, 180**

| Term No. as Listed in § III.A | Claim Term | Icon's Proposed Construction | Identification of Intrinsic and Extrinsic Evidence |
|---|---|---|---|
| 1 | "at least one hinge between each of the first and second support portions and the front portion for allowing each of the first and second support portions to undergo substantially independent arcuate movement" (Claim 1) | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*at least one flexible area separating each of the support portions from the nose to allow flexing to occur between each of the first and second support portions and the front portion so that each of the first and second support portions undergo substantially independent arcuate movement* | Intrinsic Evidence:<br>'180 Patent, col. 1:33-2:4; 9:9-35; 3:13-27; 5:17-42; 8:9-13; 8:17-36; 9:9-35; 10:32-35; 11:35-43; 13:66-14:29; 14:33-37; 14:59-15:17; 17:4-42; Figs. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 23, 24, 37, 38, 39, 40, 41, 42, 46, 47, 47, 49, 50.<br><br>'180 Patent, Ex Parte Reexamination Certificate, col. 2:4-17.<br><br>'180 Ex Parte Reexamination File History, 12/6/05 Examiner Interview Summary; 12/12/05 Amendments and Remarks, at pp. 8-10; 2/1/06 Notice of Intent to Issue a Reexamination Certificate.<br><br>Extrinsic Evidence:<br>The American Heritage College Dictionary, 3d Ed. (1997) at 643 (defining "hinge") |
| 2 | "a hinge for allowing each of the first and second support | Icon contends that there is no need to construe this claim because a person | Intrinsic Evidence:<br>'180 Patent, col. 1:33-2:4; 9:9-35; 3:13-27; |

| | | | |
|---|---|---|---|
| | portions to undergo substantially independent movement arcuate relative to one another and the nose portion" (Claim 12) | having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*a flexible area separating each of the support portions from the nose to allow flexing between each of the support portions and the nose so that each of the first and second support portions may undergo substantially independent movement arcuate relative to one another and the nose portion* | 5:17-42; 8:9-13; 8:17-36; 9:9-35; 10:32-35; 11:35-43; 13:66-14:29; 14:33-37; 14:59-15:17; 17:4-42; Figs. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 23, 24, 37, 38, 39, 40, 41, 42, 46, 47, 47, 49, 50.<br><br>'180 Patent, Ex Parte Reexamination Certificate, col. 2:4-17.<br><br>'180 Ex Parte Reexamination File History, 12/6/05 Examiner Interview Summary; 12/12/05 Amendments and Remarks, at pp. 8-10; 2/1/06 Notice of Intent to Issue a Reexamination Certificate.<br><br>Extrinsic Evidence:<br>The American Heritage College Dictionary, 3d Ed. (1997) at 643 (defining "hinge") |
| 3 | "a hinge allowing the two separate support portions to undergo substantially independently movement" (Claim 14) | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*a flexible area separating each of the support portions from the nose to allow flexing between each of the support portions and the nose so that the two* | Intrinsic Evidence:<br>'180 Patent, col. 1:33-2:4; 9:9-35; 3:13-27; 5:17-42; 8:9-13; 8:17-36; 9:9-35; 10:32-35; 11:35-43; 13:66-14:29; 14:33-37; 14:59-15:17; 17:4-42; Figs. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 23, 24, 37, 38, 39, 40, 41, 42, 46, 47, 47, 49, 50.<br><br>'180 Patent, Ex Parte Reexamination Certificate, col. 2:4-17.<br><br>'180 Ex Parte Reexamination File History, 12/6/05 Examiner Interview Summary; 12/12/05 Amendments and Remarks, at pp. 8- |

| | | *separate support portions may undergo substantially independent movement* | 10; 2/1/06 Notice of Intent to Issue a Reexamination Certificate.<br><br>Extrinsic Evidence:<br>The American Heritage College Dictionary, 3d Ed. (1997) at 643 (defining "hinge") |
|---|---|---|---|
| 4 | "stop means for limiting the amount of movement of the first and second support portions" (Claim 12) | Icon contends that "stop means . . ." is governed by 35 U.S.C 112(6).<br><br>Function:<br>Limiting the amount of movement of the first and second support portions<br><br>Corresponding Structure:<br>End portions of the mounting brackets and equivalents | Intrinsic Evidence:<br>'180 Patent, col. 3:47-50; 12:45-57; 13:42-65; 14:39-51; 15:1-17; Figs. 29, 32-36; claim 13. |
| 5 | "stop means is provided for limiting movement of the two support portions" (Claim 22) | Icon contends that "stop means . . ." is governed by 35 U.S.C 112(6).<br><br>Function:<br>Limiting the amount of movement of the first and second support portions<br><br>Corresponding Structure:<br>End portions of the mounting brackets and equivalents | Intrinsic Evidence:<br>'180 Patent, col. 3:47-50; 12:45-57; 13:42-65; 14:39-51; 15:1-17; Figs. 29, 32-36; claim 13. |

**Terms to be construed in U.S. Patent No. 6,378,938**

| Term No. as Listed in § III.A. | Claim Term | Icon's Proposed Construction | Identification of Intrinsic and Extrinsic Evidence |
|---|---|---|---|
| 6 | "permanently transverse with respect to the longitudinal axis of the bicycle when the support means couples the seat to the bicycle so that without other supports, it is not possible to permanently sit on the [inclined surface/abutment means] with the backbone of the [rider/person] arranged generally vertically" | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*permanently on an inclined axis that crosses the longitudinal axis of the bicycle when the support means couples the seat to the bicycle so that without other supports, it is not possibly to permanently sit on the [inclined surface/abutment means] with the backbone of the [person/rider] arranged generally vertically while in a riding position* | Intrinsic Evidence:<br>'938 Patent, col. 1:52-3:49; 4:13-51; 4:57-63; 5:41-67; 6:5-18; 6:28-35; Figs. 1-5.<br><br>'938 File History, 1/31/1997 Amendment & Remarks, at pp. 8-14; 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13; B.P.A.I. Appellant's Brief, 12/31/98, at pp. 3-4, 6-15; B.P.A.I. Reply Brief, 5/24/99, at pp. 2-4.<br><br>Extrinsic Evidence:<br>The American Heritage College Dictionary, 3d Ed. (1997) at 1438 (defining "transverse") |
| 7 | "an inclined surface forming abutment means for receiving a portion of a rider's anatomy which is adjacent to at least one of the rider's ischial bones" (Claim 1) | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to | Intrinsic Evidence:<br>'938 Patent, col. 2:1-32; 2:43-3:48; 4:5-11; 4:31-47; 4:52-67; 5:4-39; 6:6-34; Figs. 1-5; claims 4, 6, 7, 8.<br><br>'938 File History, 1/31/1997 Amendment & Remarks, at pp. 8-14; 1/8/98 Preliminary |

| | | | |
|---|---|---|---|
| | | construe this claim, Icon contends that the construction should be:<br><br>*an inclined surface forming an abutment for receiving a portion of a rider's anatomy which is directly next to at least one of the rider's ischial bones while in a riding position*<br><br>The claim itself recites a sufficient structure to perform the claimed function of the "abutment means." | Amendment & Remarks, at 8-13; B.P.A.I. Appellant's Brief, 12/31/98, at pp. 3-4, 6-15; B.P.A.I. Reply Brief, 5/24/99, at pp. 2-5; B.P.A.I. Decision, 8/31/01, at pp. 3-8.<br><br>Extrinsic Evidence:<br>The American Heritage College Dictionary, 3d Ed. (1997) at 16 (defining "adjacent"). |
| 8 | "an inclined surface forming an abutment means against which a rider's tissue can abut" (Claims 5, 11) | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*an inclined surface forming an abutment against which a rider's tissue can abut while in a riding position*<br><br>The claim itself recites a sufficient structure to perform the claimed function of the "abutment means." | Intrinsic Evidence:<br>'938 Patent, col. 2:1-32; 2:43-3:48; 4:5-11; 4:31-47; 4:52-67; 5:4-39; Figs. 1-5; claims 4, 6, 7, 8.<br><br>'938 File History, 1/31/1997 Amendment & Remarks, at pp. 8-14; 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13; B.P.A.I. Appellant's Brief, 12/31/98, at pp. 3-4, 6-15; B.P.A.I. Reply Brief, 5/24/99, at pp. 2-5; B.P.A.I. Decision, 8/31/01, at pp. 3-8. |
| 9 | "an inclined surface forming abutment means for receiving | Icon contends that there is no need to construe this claim because a person | Intrinsic Evidence:<br>'938 Patent, col. 2:1-32; 2:43-3:48; 4:5-11; |

5

| | | | |
|---|---|---|---|
| | substantially only that portion of a person's seating anatomy which covers at least a part of one of the person's ischial bones thereof" (Claim 12) | having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*an inclined surface forming an abutment for receiving substantially only that portion of a person's seating anatomy which covers at least a part of one of the person's ischial bones thereof while in a riding position*<br><br>The claim itself recites a sufficient structure to perform the claimed function of the "abutment means." | 4:31-47; 4:52-67; 5:4-39; 6:6-34; Figs. 1-5; claims 4, 6, 7, 8.<br><br>'938 File History, 1/31/1997 Amendment & Remarks, at pp. 8-14; 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13; B.P.A.I. Appellant's Brief, 12/31/98, at pp. 3-4, 6-15; B.P.A.I. Reply Brief, 5/24/99, at pp. 2-5; B.P.A.I. Decision, 8/31/01, at pp. 3-8. |
| 10 | "an inclined surface [portion] forming abutment means intended for receiving a portion of a person's seating anatomy which covers at least a part of one of the person's ischial bones thereof" (Claims 13, 14) | Icon contends that there is no need to construe this claim because a person having ordinary skill in the art would understand the term to have its plain and ordinary meaning.<br><br>To the extent this Court decides to construe this claim, Icon contends that the construction should be:<br><br>*An inclined surface forming an abutment for receiving a portion of a person's seating anatomy which covers at least one of the person's ischial bones thereof* | Intrinsic Evidence:<br>'938 Patent, col. 2:1-32; 2:43-3:48; 4:5-11; 4:31-47; 4:52-67; 5:4-39; 6:6-34; Figs. 1-5; claims 4, 6, 7, 8.<br><br>'938 File History, 1/31/1997 Amendment & Remarks at pp. 8-14; 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13; B.P.A.I. Appellant's Brief, 12/31/98, at pp. 3-4, 6-15; B.P.A.I. Reply Brief, 5/24/99, at pp. 2-5; B.P.A.I. Decision, 8/31/01, at pp. 3-8. |

| | | | |
|---|---|---|---|
| | | *while in a riding position*<br><br>The claim itself recites a sufficient structure to perform the claimed function of the "abutment means." | |
| Not listed in § III.B., but the parties dispute the meaning of these terms | "support means coupled to said abutment means for supporting the abutment means and for coupling the seat to the bicycle" (Claims 1) | Icon contends that "support means" is governed by 35 U.S.C 112(6).<br><br>Function:<br>Supporting the abutment means and coupling the seat to the bicycle<br><br>Corresponding Structure:<br>The support rails or cylindrical sleeves for location on a suitable post or pole of the bicycle frame, clamps, or the like and bolting arrangements, and equivalents | Intrinsic Evidence:<br>'938 Patent, col. 4:12-19, 4:48-51; Figs. 1-3, 5; '938 File History, 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13 |
| | "support means for coupling the seat to a bicycle" (Claims 5, 11) | Icon contends that "support means" is governed by 35 U.S.C 112(6).<br><br>Function:<br>Coupling the seat to the bicycle<br><br>Corresponding Structure:<br>The support rails or cylindrical sleeves for location on a suitable post or pole of the bicycle frame, clamps, or the like and bolting arrangements, and equivalents | Intrinsic Evidence:<br>938 Patent, col. 4:12-19, 4:48-51; Figs. 1-3, 5; '938 File History, 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13. |
| | "support means coupled to said abutment means for supporting | Icon contends that "support means" is governed by 35 U.S.C 112(6). | Intrinsic Evidence:<br>'938 Patent, col. 4:12-19, 4:48-51; Figs. 1-3, 5; |

7

| | the abutment means and for coupling the abutment means to the bicycle" (Claims 12, 13, 14) | Function: Supporting the abutment means and for coupling the abutment means to the bicycle<br><br>Corresponding Structure: The support rails or cylindrical sleeves for location on a suitable post or pole of the bicycle frame, clamps, or the like and bolting arrangements, and equivalents | '938 File History, 1/8/98 Preliminary Amendment & Remarks, at pp. 8-13. |