Darrell L. Olson (Bar No. 77633)
darrell.olson@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Suite 1400
Irvine, CA 92614
Telephone: 949-760-0404
Facsimile: 949-760-9502

Timothy J. Goodson (Bar No. 244649)
timothy.goodson@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
Telephone: 415-954-4114
Facsimile: 415-954-4111

Attorneys for Defendant/Counterclaimant
SPECIALIZED BICYCLE COMPONENTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY, LTD., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> SPECIALIZED BICYCLE COMPONENTS, INC., <br><br> Defendant/Counterclaimant. | Case No. CV-12-3844 JST <br><br> **DECLARATION OF DARRELL L. OLSON IN SUPPORT OF DEFENDANT SPECIALIZED BICYCLE COMPONENTS, INC.'S RESPONSIVE CLAIM CONSTRUCTION BRIEF** <br><br> Date: Oct. 8, 2013 <br> Time: 2:00 p.m. <br> Ctrm: 9 <br><br> Hon. Jon S. Tigar |

I, Darrell L. Olson, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson and Bear, LLP, counsel for Defendant Specialized Bicycle Components, Inc. ("Specialized"). I am admitted to practice before this Court and, unless otherwise stated, I have personal knowledge of the matters set forth herein. If called as a witness, I could and would testify competently thereto. I make this Declaration in support of Specialized's Responsive Claim Construction Brief.

**A.** **Infringement Contentions**

2. Attached as **Exhibit H** is a true and correct copy of excerpts from Plaintiff's Amended Infringement Contentions dated May 14, 2013.

**B.** **Mythos Documents**

3. Attached as **Exhibit I** is a true and correct copy of excerpts from the May 1993, June 1993 and July 1993 issues of Bicycling Magazine showing advertisements for the Selle Italia Mythos saddle, produced by Specialized with production numbers SPEC000415–423.

4. Attached as **Exhibit J** is a true and correct copy of a declaration of Gaynor Collester (with exhibits) dated July 24, 2013 regarding the Selle Italia Mythos saddle, produced by Specialized with production numbers SPEC002237–40.

5. Attached as **Exhibit K** is a true and correct copy of a declaration of James McCarvill (with exhibits) dated July 24, 2013 regarding the Selle Italia Mythos saddle, produced by Specialized with production numbers SPEC002256–63.

6. Attached as **Exhibit L** is a true and correct copy of a declaration of Mark Hickey (with exhibits) dated July 30, 2013 regarding the Selle Italia Mythos saddle, produced by Specialized with production numbers SPEC002247–55.

7. Attached as **Exhibit BB** is a true and correct copy of a declaration of Gabriel Cardona (with exhibits) dated August 13, 2013 regarding the Selle Italia Mythos saddle, produced by Specialized with production numbers SPEC005690-96.

/ / /

/ / /

8. Attached as **Exhibit M** is a true and correct copy of photographs of a Selle Italia Mythos saddle and its accompanying packaging, produced by Specialized with production numbers SPEC000503–505, SPEC000510, and SPEC000546–548.

**C.     Bigolin Prior Art Reference**

9. Attached as **Exhibit N** is a true and correct copy of European Patent Publication No. 0 603 138 A1 published June 22, 1994, listing Giusseppe Bigolin as Inventor and Selle Italia, S.r.l. as Applicant, produced by Specialized with production numbers SPEC000296–302.

**D.     Documents from File History of Taiwanese Counterpart**

10. Attached as **Exhibits O–S** are documents or translations of documents from the file history of Taiwanese Patent Application No. 090216667 ("the Taiwanese Counterpart").

11. Attached as **Exhibit O** is a true and correct copy of a translation of the Examination Decision dated February 23, 2001 from the file history of Taiwanese Counterpart, produced by Specialized with production numbers SPEC002105–11.

12. Attached as **Exhibit P** is a true and correct copy of an excerpt from the file history of the Taiwanese Counterpart produced by Specialized with production numbers SPEC002072–81, which reflects the original claim set in the application of the Taiwanese Counterpart, on which the Examination Decision in **Exhibit O** was based.

13. Attached as **Exhibit Q** is a true and correct copy of a translation of the Response dated September 28, 2001 from the file history of the Taiwanese Counterpart, produced by Specialized with production numbers SPEC002112–16.

14. Attached as **Exhibit R** is a true and correct copy of an excerpt from the file history of the Taiwanese Counterpart produced by Specialized with production numbers SPEC001928–32, which reflects an amended claim set dated September 2001, which is the claim set on which the Response in **Exhibit Q** and the Examination Opinion in **Exhibit S** were based.

*1*     15.     Attached as **Exhibit S** is a true and correct copy of a translation of the *2* Examination Opinion dated July 31, 2002 in the Taiwanese Counterpart, produced by *3* Specialized with production numbers SPEC002117–25.

*4*   **E.     Documents from File History of Korean Counterpart to the '180 Patent**

*5*     16.     Attached as **Exhibit T** is a true and correct copy of Korean Patent No. 10- *6* 0695755 ("the Korean Counterpart"), which issued March 15, 2007 listing Paul Damian *7* Nelson as Inventor, produced by Specialized with production numbers SPEC002126–73.

*8*     17.     Attached as **Exhibit U** is a true and correct copy of a translation of the first *9* page of the Korean Counterpart patent in **Exhibit T**, produced by Specialized with production *10* numbers SPEC002174–76.

*11*    18.     Attached as **Exhibit V** is a true and correct copy of a translation of an *12* Amendment dated April 19, 2005 from the file history of the Korean Counterpart, produced *13* by Specialized with production numbers SPEC002177–92.

*14*    19.     Attached as **Exhibit W** is a true and correct copy of a translation of an *15* Opinion dated April 19, 2005 from the file history of the Korean Counterpart, produced by *16* Specialized with production numbers SPEC002193–2236.

*17*  **F.     Selle San Marco Saddles**

*18*    20.     Attached as **Exhibit X** is a true and correct copy of excerpts from a 2005 *19* product catalog of Selle San Marco produced by Specialized with production numbers *20* SPEC000831–39, SPEC000851–53, SPEC000874–76, and SPEC000879–82.

*21*    21.     As part of its defense of this case, Specialized has purchased Selle San Marco *22* Nelson, Rever, Aspide Arrowhead, and SKN saddles.  I have inspected all four of these *23* saddles.  The Nelson saddle is marked with the '180 patent number, and the other three are *24* not.

*25*  **G.     Dictionary Definition**

*26*    22.     Attached as **Exhibit Y** is a true and correct copy of an excerpts of *The* *27* *American Heritage Dictionary of the English Language* (3rd ed. 1992), produced by *28* Specialized with production numbers SPEC000971–973.

-3-                    Declaration of Darrell L. Olson
                                       Case no.  CV 12-3844 JST

**H.** **Excerpt from File History of '938 Patent**

23. Attached as **Exhibit Z** is a true and correct copy of an Office Action dated October 29, 1996 from the file history of the '938 patent produced by Icon with production numbers ICON001067–72.

**I.** **Icon's Interrogatory Responses**

24. Attached as **Exhibit AA** is a true and correct copy of excerpts from Icon's Responses to Specialized's First Set of Interrogatories.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of August, 2013 in Irvine, California.

                                       */s/Darrell L. Olson*
                                           Darrell L. Olson