Darrell L. Olson (SBN 77633)
darrell.olson@kmob.com
Benjamin J. Everton (SBN 259214)
ben.everton@kmob.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Phone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Defendant and Counterclaimant
SPECIALIZED BICYCLE COMPONENTS, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY, LTD., | Case No. CV-12-3844 JST |
| Plaintiff/Counterdefendant, | **DECLARATION OF EDWARD A. SCHLATTER IN SUPPORT OF DEFENDANT SPECIALIZED BICYCLE COMPONENTS, INC.'S MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** |
| v. | |
| SPECIALIZED BICYCLE COMPONENTS, INC., | |
| Defendant/Counterclaimant. | Date:     October 2, 2014<br>Time:    2:00 p.m.<br>Ctrm:    9<br><br>Hon. Jon S. Tigar |

I, Edward A. Schlatter, hereby declare as follows:

1. I am a partner in the law firm of Knobbe, Martens, Olson and Bear, LLP, ("Knobbe, Martens") counsel for Defendant Specialized Bicycle Components, Inc. ("Specialized"). I have personal knowledge of the matters set forth herein. If called as a witness, I could and would testify competently thereto. I make this Declaration in support of Specialized's Motion for Leave to Amend its Invalidity Contentions.

2. Since about the late 1990's, I have been responsible for the general supervision of Specialized's IP work with Knobbe, Martens. In particular, I have supervised prosecution work and general client practice work. While I am aware of litigation handled by Knobbe, Martens for Specialized, litigation is not a focus of my practice and I, therefore, leave it to Knobbe, Martens litigators, such as Mr. Olson, to handle and direct Specialized's litigation.

3. In August of 2014, Mr. Olson asked me to check Knobbe, Martens files on Specialized's matters for any offers to license any of Specialized's bike patents.

4. In response to this request, I initiated a search for any such files and identified approximately 20 files that might contain such offers to license. These files were matters that I had worked on in the 2000-2001 timeframe in which Specialized had offered a license to a significant number of saddle makers around the world.

5. One such file contained communications with an Italian maker, Gipiemme Iscaselle ("ISCA"). During the week of August 11, 2014, the aforementioned ISCA file, along with the others, were transported from the firm's off-site storage facility to our location in Irvine, California for my review. I reviewed the ISCA file on the afternoon August 13 and brought this file to Mr. Olson for our joint review on the morning of August 14, 2014.

6. This ISCA file contained a letter in September 2000 from me to ISCA alleging that one or more ISCA saddles were covered by Specialized's patent portfolio. In response, ISCA sent a 1995 catalogue and a 1996 catalogue depicting their saddles, including the Dakar and Plus saddles. The ISCA attorney also provided invoices of sales of the Plus saddle to customers in the U.S. as early as 1995. In my 2014 review, I had no recollection of these

documents from 2001 correspondence.

7. The ISCA file also contained an offer to license Specialized patents, but the file revealed no agreement, including any license, was ever consummated. This file was closed in 2002 and shipped for off-site storage in 2003.

8. In 2013, I reviewed hundreds of pages of Specialized's patent file histories for Specialized's own saddle patents when providing the Specialized litigation team with Specialized's files in preparation for discovery responses. During this review, I recall seeing reference to the ISCA Plus saddle, but had no appreciation that this saddle, or the Dakar saddle, were prior art to the '180 patent. It was not until my review of the ISCA file on the evening of August 13, 2014 with its submission of dated catalogues and invoices that I became aware that the Plus saddle was important prior art in this litigation and it was not until I brought the ISCA file to Mr. Olson for his review the next morning that I became aware that the Dakar saddle was also important prior art in this litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of August, 2014 in Irvine, California.

_____
Edward A. Schlatter

18671808/081514