UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD.,<br><br>      Plaintiff,<br><br>   v.<br><br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br><br>      Defendant. | Case No. 12-cv-03844-JST<br><br>**ORDER DENYING MOTION TO AMEND INFRINGEMENT CONTENTIONS**<br><br>Re: ECF No. 79 |

In this action for patent infringement, Plaintiff Icon-IP Pty Ltd. ("Icon") moves for leave to amend its infringement contentions to add 12 models to the 37 bicycle seat models it currently accuses of infringement. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

### A. Procedural History

Icon alleges that 33 of Specialized's bicycle seats infringe two of its patents, namely U.S. Patent No. 6,378,938 ("the '938 patent") and U.S. Patent No. 6,254,180 ("the '180 patent"). Compl. ¶¶ 1-5, ECF No. 1.

Icon moved on March 28, 2013, to add 53 additional bicycle seats to its infringement contentions. The court denied the motion with respect to all but four of the seats because Icon failed to establish that it was diligent in accusing them. ECF No. 44. The court reasoned that Icon could have discovered information about these seats "by conducting a meaningful investigation of Specialized's website prior to serving its contentions," as information about these models was publicly available on Specialized's website prior to the deadline for serving infringement contentions. Id.. Because the court concluded that Icon was not diligent in accusing these products, the court did not consider whether Specialized would be prejudiced by the proposed amendments.

The court construed certain disputed terms on April 16, 2014.  ECF No. 70.

This motion followed.  ECF No. 79.

**B.     Jurisdiction**

The court has jurisdiction over the action under 28 U.S.C. §§ 1331 and 1338.

## II.    LEGAL STANDARD

The Northern District of California has adopted local rules that require parties to state with specificity early in the litigation their contentions with respect to infringement and invalidity.  O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed. Cir. 2006).

A party may amend its infringement contentions "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" include (1) an adverse claim construction, (2) recent discovery of material prior art despite an earlier diligent search, and (3) recent discovery of nonpublic information about the accused product that was not discovered before service of the contentions despite diligent efforts.  Patent L.R. 3-6(a)-(c).

In determining whether good cause exists, the court first must consider whether the party seeking amendment was diligent in moving for leave to amend.  O2 Micro, 467 F.3d at 1368.  If the moving party establishes diligence, the court then considers whether the proposed amendment would prejudice the non-moving party.  Id.  If the court finds that the moving party was not diligent, the court need not consider the question of prejudice.  Id.

## III.   ANALYSIS

Icon moves to amend its infringement contentions once again, but this time to accuse the following 12 bicycle seats: the  Sitero Pro, Sitero Expert Gel, Chicane Expert, Chicane Pro, Dolce Sport Gel (2014 model), Riva Road (2014 model), Toupe Expert Gel, Romin Expert Gel, Romin Evo Expert Gel, Oura RBX Expert Gel, S-Works Romin, and Ruby Pro ("the seats at issue").  ECF No. 79.  Icon makes the following arguments in support of its motion.  First, Icon contends that it was diligent in accusing the seats at issue because it was diligent in serving discovery requests pertaining to these seats, and in moving to amend its infringement contentions soon after it received responses to those requests.  Icon argues that it served these discovery requests in June

2013 but did not receive complete responses from Specialized until December 2013 and May 2014.  Mot. at 4-5.  Icon claims to have completed its review of these responses after the court issued its claim construction order.  Id. at 5.  Second, Icon contends that Specialized will not be prejudiced by the proposed amendment because the seats at issue "are the same as the previously accused models" and "Specialized will not require additional discovery to develop its defenses."  Id. at 1.

Specialized opposes the motion.  First, Specialized argues that Icon was not diligent in seeking amendment because all relevant information about the seats at issue has been available on Specialized's website for at least one year.  ECF No. 82.  Specialized contends that five of the models at issue were on its website since the fall of 2012, and the other seven have been on its website since the summer of 2013.  Id. at 1; see also Meuse Decl. ¶¶ 1-4.  Specialized argues that its website is the most complete source of information pertaining to its bicycle seats, but Icon provides no explanation for why it did not check that website to make its infringement determinations with respect to the seats at issue.  Id. at 9 & Meuse Decl. ¶ 3.  Specialized notes that Icon's own counsel has admitted that Icon had to resort Specialized's website to obtain information about some of the seats at issue in any event.  Id. at 9 (citing Lavalley Decl. Ex. P at 7.)

Second, Specialized argues that it did not fail to produce discovery responses in a timely fashion as Icon contends; rather Specialized objected to Icon's discovery requests and for several months declined to produce documents regarding seat models that Icon had not already accused of infringing.  Id. at 9.  Specialized claims to have made Icon aware of these objections and of the availability of information pertaining to the seats at issue on its website.  Third, Specialized contends that the court's claim construction does not support adding more models to the case.  Finally, Specialized argues that the seats at issue are not "indistinguishable" from the previously accused saddles.

Icon did not file a reply in support of its motion.

The court concludes that Icon was not diligent in seeking amendment.  Icon hinges its entire diligence argument on the notion that Specialized delayed in producing documents relating

to the seats at issue, and that this delay, in turn, prevented it from conducting its infringement analysis sooner. Mot. at 7 ("Any purported lack of diligence on Icon's part in moving to amend was thus caused by Specialized's own failure to timely produce relevant documents responsive to requests served by Icon over a year ago, despite numerous inquiries from Icon and despite its obligation to supplement its production pursuant to Fed. R. Civ. P. 26(e)."). This argument is unpersuasive for two reasons. First, Icon does not explain why it never moved to compel the documents in question if such documents were indeed discoverable and necessary to its infringement analysis. Second, and most importantly, Icon does not dispute that the information necessary to conduct its infringement analysis has been available on Specialized's website for over a year. And, even though it had the opportunity to do so in a reply, Icon also does not provide any explanation for why the information on Specialized's website would have been insufficient for the purpose of determining whether the seats at issue infringe its patents. In light of the foregoing, the court cannot conclude that Icon was diligent in moving for leave to amend.

Having concluded that Icon has not shown diligence, the Court need not consider the second question of prejudice to Specialized.

## IV.  CONCLUSION

Icon's motion for leave to amend its infringement contentions is DENIED.

**IT IS SO ORDERED.**

Dated: September 19, 2014

_____
JON S. TIGAR
United States District Judge