UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD., <br><br>    Plaintiff, <br><br>  v. <br><br>SPECIALIZED BICYCLE COMPONENTS, INC., <br><br>    Defendant. | Case No. 12-cv-03844-JST <br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br>Re: ECF No. 93 |

In this action for patent infringement, Defendant Specialized Bicycle Components, Inc. ("Specialized") moves for leave to amend its invalidity contentions to include two commercial bicycle saddles sold in the mid-1990's under the names "Dakar" and "Plus" as prior art to U.S. Patent No. 6,254,180 ("the '180 patent"). ECF No. 93. Plaintiff Icon-IP Pty Ltd. ("Icon") opposes the motion. ECF No. 101. For the reasons set forth below, the motion is DENIED.

**I.   BACKGROUND**

**A. The Dakar and Plus Saddles**

Icon alleges that bicycle seats manufactured, sold, and/or offered for sale by Specialized infringe two of its patents, U.S. Patent No. 6,378,938 and U.S. Patent No. 6,254,180. ECF No. 1.

Specialized served its invalidity contentions on January 14, 2013. ECF No. 94, at 2. By stipulation, approved by the Court on June 6, 2014, Specialized has amended its contentions in light of adverse claim constructions. ECF No. 78.

Specialized now seeks to amend its invalidity contentions due to its recent identification of two bicycle saddles as material prior art. ECF No. 93, at 6. The saddles were sold in the mid-1990's under the names Dakar and Plus by an Italian company, Gipiemme Iscaselle ("ISCA"). ECF No. 94, at 3. The saddles are not currently on the market. Id. Specialized explains that a discovery request from Icon prompted a review of approximately twenty closed files from around

2000-2001, which were located in an off-site storage facility of Specialized's outside patent counsel. ECF No. 93, at 7. Upon reviewing the ISCA file on August 13–14, 2014, counsel determined that the Dakar and Plus saddles were material prior art. Id.; see also ECF Nos. 94, 95. Counsel for Specialized acknowledges that he had knowledge of the ISCA saddles in 2000-2001 and that in 2013, during his review of Specialized's patent file histories, he saw reference to the ISCA Plus saddle. ECF No. 95, at 2–3. But Specialized explains that counsel "had no recollection of [the] dated catalogues and invoices over a decade [after the file was closed] when this case commenced" and "had no appreciation during the pendency of this lawsuit that the Dakar and Plus saddles were prior art to the '180 patent" until the 2014 ISCA file review. ECF No. 93, at 7–8.

On August 14, 2014, Specialized's counsel informed Icon of its discovery. ECF No. 94, at 3. The Motion for Leave to Amend Invalidity Contentions was filed on August 18, 2014. ECF No. 93. Fact discovery in this case closes on October 24, 2014. ECF No. 97. Expert discovery closes on January 19, 2015. Id.

### B. Jurisdiction

The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

## II.   LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed Cir. 2006). A party may amend its infringement contentions or invalidity contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions. Patent L.R. 3-6(a)-(c).

This approach allows courts to "balance the right to develop new information in discovery

2

with the need for certainty as to the legal theories." Golden Hour Data Systems, Inc. v. Health Services Integration, Inc., No. 06-cv-07477-SI, 2008 WL 2622794, at *2 (N.D. Cal. Jul 1, 2008) (citing O2 Micro, 467 F.3d at 1366). "In contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction.'" Symantec Corp. v. Veeam Corp., No. 12-cv-00700-SI, 2013 WL 3490392, at *2 (N.D. Cal. July 11, 2013) (quoting LG Elecs. Inc. v. Q-Lity Computer Inc., 211 F.R.D. 360, 367 (N.D. Cal. 2002)). The patent local rules are "designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed." O2 Micro, 467 F.3d at 1366 n.12 (quoting Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1123 (N.D. Cal. 2006)).

In determining whether good cause exists, the Court must first consider whether the party seeking amendment was diligent in moving for leave to amend and then whether the proposed amendment would prejudice the non-moving party. Id. at 1368. The burden is on the moving party to establish diligence. Id. at 1366. If the Court finds that the moving party was not diligent, the Court need not consider the question of prejudice. Id. at 1368.

### III. DISCUSSION

Specialized moves to amend its invalidity contentions to include two new commercial saddles, the Dakar and Plus saddles, as prior art to the '180 patent. ECF No. 93. Specialized maintains that it diligently searched for prior art in this case, but that "finding long since discontinued saddles from an Italian bike component maker is . . . the proverbial needle in a haystack." Id. at 8, 10. Specialized argues that it has been diligent in seeking leave to amend its invalidity contentions because it acted promptly as soon as it realized the importance of the Dakar and Plus saddles. Id. at 10. Specialized contends that Icon will not be prejudiced because the new claim charts are similar to existing claim charts and because fact discovery does not close until October 24, 2014. Id. at 10; ECF No. 98, at 2.

Icon opposes the motion. ECF No. 101. In Icon's view, Specialized has not shown good cause because its motion is not based on the "[r]ecent discovery of material, prior art despite

earlier diligent search." Patent L.R. 3-6(b).  Specialized's attorneys knew about the ISCA saddles as early as September 2000, and in August 2013 they produced documents in this litigation containing extensive discussion about the ISCA Plus as well as depictions of both saddles.  ECF No. 101, at 5.  Icon also points to the deposition of Carl Bird, a Director at Specialized; he testified that he was aware of the saddles and that Specialized would have had the saddles "around . . . at one time or another."  Id.; ECF No. 101-3, at 5.  Icon argues that Specialized had the burden to investigate potentially relevant prior art and that its failure to appreciate the relevance of the ISCA saddles "does not amount to diligence under the Local Rules."  ECF No. 101, at 5–7.  Furthermore, Icon argues, Icon will be prejudiced by the amendment because there is less than one month between the hearing date for this motion and the end of fact discovery on October 24, 2014.  Id. at 7.  The amendment will require Icon to locate physical copies of the saddles and repeat much of the testing that it has already scheduled or undertaken, and will likely require additional depositions.  Id.

The Court concludes that Specialized was not diligent in seeking leave to amend its invalidity contentions.  Specialized concedes that it was aware of the ISCA saddles in September 2000, ECF No. 102, at 2, and its counsel represents that in 2013 he reviewed documents referencing the ISCA Plus saddle in preparation for discovery responses in this litigation,  ECF No. 95, at 3.  Documents discussing the Plus and depicting both saddles were produced by Specialized in August 2013.  ECF No. 101, at 5; ECF No. 101-2, at 7, 9, 13–14, 21, 29.  Specialized explains that, although the relevant documents were in its possession, it simply did not recognize the significance of the saddles until August 2014.  ECF No. 102, at 2.  The Court concludes that this is insufficient to establish "good cause" within the meaning of Patent Local Rule 3-6.

The cases upon which Specialized relies are distinguishable from the instant case.  In Apple Inc. v. Samsung Electronics Co. Ltd., No 12-cv-00630-LHK, 2012 WL 5632618 (N.D. Cal. Nov. 15, 2012), the court allowed an amendment to Apple's infringement contentions where it appeared that the omission of a set of charts, which were listed in the claims summary table and replaced by duplicates of other charts, was due to an honest administrative mistake.  Id. at *5.

4

Here, Specialized seeks permission to correct its failure to timely recognize the significance of the ISCA saddles, not to reverse an administrative filing error. Fujifilm Corporation v. Motorola Mobility LLC, No. 12-cv-03587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014), involved Motorola's request to amend its invalidity contentions in light of information learned from third parties and the opposing party during discovery, rather than information uncovered in its own files. Id. at *4–5. In GeoTag, Inc. v. Zoosk, Inc., No. 13-cv-00217-EMC, 2013 WL 4427430 (N.D. Cal. Aug. 15, 2013), cited in Specialized's reply, the court granted defendant's motion to amend its invalidity contentions after an attorney for a co-defendant, while cleaning his garage, found a book that led to the discovery of relevant prior art. But in that case, the defendant did not house information concerning the prior art in its own files, and had not produced that information during the course of the litigation.

Having concluded that Specialized has not shown diligence, the Court need not consider the second question of prejudice to Icon.

### IV.     CONCLUSION

Specialized's Motion for Leave to Amend Its Invalidity Contentions is DENIED.

**IT IS SO ORDERED.**

Dated: October 17, 2014

_____
JON S. TIGAR
United States District Judge