UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD.,<br>　　　　Plaintiff,<br>　　v.<br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br>　　　　Defendant. | Case No. 12-cv-03844-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 116 |

## INTRODUCTION

Pending before the Court is the parties' Joint Discovery Dispute Letter, filed October 09, 2014. Dkt. No. 116. By this Joint Letter, Defendant Specialized Bicycle Components, Inc. ("Specialized") seeks a protective order preventing Plaintiff Icon-IP Pty Ltd. ("Icon") from deposing Specialized's CEO and Chairman of the Board, Mike Sinyard. Jt. Ltr. at 1. After considering the parties' arguments and controlling authorities, the Court GRANTS the motion for a protective order for the reasons set forth below.

## BACKGROUND

On July 23, 2012, Icon filed a Complaint against Specialized in which it accused 33 bicycle saddles of infringing U.S. Patent No. 6,378,938 and/or U.S. Patent No. 6,254,180. Dkt. No. 1. Icon has propounded 93 document requests, 25 interrogatories, and noticed 8 depositions. Jt. Ltr. at 1. Additionally, Icon seeks to depose Specialized's CEO and Chairman of the Board regarding four topics: (1) a declaration Mr. Sinyard made during the prosecution of an unrelated Specialized patent application; (2) alleged communications between Mr. Sinyard and third parties Selle Italia, Paul Nelson, and Selle San Marco; (3) negotiations of contracts and royalties with inventor Dr. Minkow; and (4) development of the accused saddle technology. *Id.* at 1-3.

Specialized now seeks a protective order preventing Icon from deposing Mr. Sinyard, arguing that he does not possess unique, non-repetitive knowledge material to the issues in the case, and, even if he did, Icon has not yet exhausted less intrusive means of discovery.

## DISCUSSION

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." *Websidestory, Inc. v. Netratings, Inc.*, 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007). Unless extraordinary circumstances exist, it is unusual for a court to deny a party the opportunity to take a deposition. *Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011). However, courts have consistently observed that deposition notices directed to officials at the highest levels of corporate management (so-called "apex" depositions) create "'a tremendous potential for abuse or harassment' that may require the court's intervention for the witness's protection under Rule 26(c)." *K.C.R. v. Cnty. of Los Angeles*, 2014 WL 3434257, at *3 (C.D. Cal. July 11, 2014) (quoting *Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 282 F.R.D. 259, 263 (N.D. Cal. 2012)). For this reason, a party seeking to depose a high-ranking corporate official bears the burden of demonstrating that (1) "the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case," and (2) "the party seeking the deposition has exhausted other less intrusive discovery methods." *Groupion, LLC v. Groupon, Inc.*, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012). "In sum, while a party opposing a deposition 'carries a heavy burden to show why discovery should be denied,' courts may 'protect high level corporate officers from depositions when the officer has no first hand knowledge of the facts of the case or where the officer's testimony would be repetitive.'" *K.C.R.*, 2014 WL 3434257, at *4 (quoting *Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*, 2006 WL 2578277, at *3 n.3 (N.D. Cal. Sept. 6, 2006)).

The Court need not determine at this time whether Mr. Sinyard possesses unique, non-repetitive, first-hand knowledge of the facts at issue in this case, because Icon has failed to meet the second prong of this conjunctive test. That is, Icon has not demonstrated that it has exhausted other means of obtaining this information, such as interrogatories and depositions of lower-level employees. According to Specialized, it offered Icon the opportunity to propound up to 12

2

additional interrogatories addressing the four identified subject areas, and has stated that it will provide detailed responses in a shortened time, all without prejudicing Icon's ability to later seek to depose Mr. Sinyard should the responses not yield the information Icon seeks. Jt. Ltr. at 1. Icon refused to avail itself of this less intrusive discovery option. *Id.* Additionally, it appears from the Joint Letter that – at least as to the first and fourth subject areas – Icon has noticed, but not yet conducted depositions for other individuals involved in Specialized's development of saddle patents. *Id.* at 2.

Accordingly, the Court finds that Icon has not adequately exhausted available, less intrusive means of discovery, and therefore GRANTS the motion for a protective order. This ruling is without prejudice to Icon's ability to later seek to depose Mr. Sinyard should its utilization of less intrusive discovery methods such as the additional interrogatories and depositions discussed above prove unsuccessful.

## CONCLUSION

For the foregoing reasons, Specialized's motion for a protective order preventing Icon from deposing its CEO and Chairman of the Board, Mike Sinyard, is GRANTED, without prejudice to Icon seeking to depose him at a later time should less intrusive discovery methods prove unsuccessful.

**IT IS SO ORDERED.**

Dated: October 21, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge

3