UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD., <br><br>           Plaintiff <br><br>        v. <br><br>SPECIALIZED BICYCLE COMPONENTS, INC., <br><br>           Defendant | Case No. 12-cv-03844-JST   (MEJ) <br><br>**DISCOVERY ORDER** <br><br>Re: Dkt. Nos. 128, 131 |

## INTRODUCTION

Pending before the Court are two Joint Discovery Dispute Letters, filed on October 31, 2014 and November 3, 2014. Dkt. Nos. 128 ("Ital. Lit. Ltr.") and 131 ("Phys. Embodiments Ltr."). In the first Joint Letter, Defendant Specialized Bicycle Components, Inc. ("Specialized") seeks to compel Plaintiff Icon-IP Pty Ltd. ("Icon") to produce documents relating to Icon's patent litigation against the Italian corporation Selle Royal. Ital. Lit. Ltr. In the second Joint Letter, Icon seeks to compel Specialized to produce design documents and physical embodiments of each accused saddle model for the years of 2006 to present. Phys. Embodiments Ltr.

## BACKGROUND

On July 23, 2012, Icon filed a complaint against Specialized accusing 33 bicycle saddles of infringing U.S. Patent No. 6,378,938 ("the '938 Patent") and/or U.S. Patent No. 6,254,180 ("the '180 Patent"), and seeking damages, injunctive and other relief. Dkt. No. 1. Specialized responded to the Complaint on August 14, 2012, denying allegations of infringement and asserting a counterclaim for declaratory judgment of non-infringement and invalidity of the '938 and '180

1   Patents. Dkt. No. 10.

2          In June 2013, Specialized served Icon with a request for all documents related to any
3   enforcement of or litigation involving the Asserted Patents or any Related Patents, and any
4   documents relating to actual or potential prior art raised during such litigations. *See, e.g.*, Ital. Lit.
5   Ltr., Ex. A, Specialized's First Set of Document Requests Nos. 27, 28, 48, 53, and 54. Icon
6   produced documents referencing its lawsuit against Selle Royal in Italy ("the Italian Litigation"),
7   but did not produce the Italian Litigation documents themselves. Ital. Lit. Ltr. Upon learning of the
8   pending Italian Litigation on August 1, 2014, Specialized immediately propounded a document
9   request applicable to the Italian Litigation Documents. *See id.*, Ex. B, Specialized's Third Set of
10  Document Requests, No. 84. On August 22, 2014, Icon produced some of these documents, many
11  of them in Italian. Ital. Lit. Ltr. Specialized received them on August 28, 2014. *Id.*

12         On October 15, 2014, Specialized notified Icon that it had failed to produce the entire file
13  from the Italian Litigation, specifically substantive documents filed by Icon relating to
14  infringement or invalidity and Icon's expert reports and claim charts. *Id.* Specialized now seeks an
15  order requiring Icon to produce all technical reports, opinions, and claim charts relating to the
16  Italian Litigation, including English versions thereof, as well as all things considered by Icon's
17  expert, Dr. Harrigan. *Id.*

18         Icon asserts that it has produced all documents from the Italian Litigation, but Specialized
19  maintains that it has sent these documents to its Italian counsel for verification and thus cannot
20  confirm or deny Icon's assertion. *Id.* Icon has also agreed to produce all documents considered[1] by
21  Dr. Harrigan, and attributes any delay to Dr. Harrigan's back surgery during the week of October
22  27, 2014. *Id.* Thus, the only dispute arising from the Italian Litigation Letter appears to be whether
23  Icon is required to produce the Italian Litigation documents in English. *Id.* As the deadline to file
24  motions to compel in this case has passed, Specialized has filed this motion to preserve its rights
25  should it later deem that production is not complete. *Id.*

---

[1] Initially there was some dispute as to whether Icon was required to produce all documents "considered" by Dr. Harrigan, or only those he "relied upon" in preparing his expert report. Icon has since agreed to produce all documents Dr. Harrigan considered in preparing his report. Ital. Lit. Ltr.

1    With regard to the design documents and physical embodiments of the accused saddle
2    models, Icon requested documents describing the design and materials of the accused saddles on
3    June 12, 2013, and has propounded an interrogatory requiring Specialized to identify the Bates
4    numbers of the specific documents describing the design for each saddle. *See* Phys. Embodiments
5    Ltr.*,* Ex. A, Request No. 9 and Ex. B, at Interrogatory 2.

6    Icon asserts that the physical embodiments of the accused saddles are plainly relevant
7    because Icon's technical expert requires them to prepare his infringement report. Phys.
8    Embodiments Ltr. As Icon may recover damages for up to six years prior to the filing of its
9    Complaint on July 23, 2012 pursuant to 35 U.S.C. § 286, the accused saddle models and design
10   documents from 2006 to the present are relevant to the present litigation. *Id.* Though Icon has been
11   able to obtain several of the accused saddles from the internet and from Specialized bicycle
12   dealers, Icon claims that the remaining accused saddles are not available on the public market. *Id*.

13   Specialized has produced three physical saddles to date. *Id.* These saddles are model year
14   2015 saddles that are currently being manufactured and sold on bikes, and are not available on the
15   website. As to the rest of the accused saddle models, Specialized claims that it does not keep an
16   inventory of seats. However, Specialized has invited Icon to inspect the saddle models it has in its
17   possession at the offices of Specialized's counsel, and has also offered to sell Icon the saddles in
18   Specialized's possession if Icon provides Specialized with the SKU number for each desired
19   model. Phys. Embodiments Ltr.*,* Ex. B, Response to Interrogatory No. 2. Specialized maintains
20   that it cannot confirm whether it has models of older saddles in its possession without the SKU
21   numbers.

22   Specialized also provided Icon with a chart listing various design changes to the accused
23   models within the damages period of this case. *Id*. Icon interprets this chart as demonstrating that
24   Specialized either "has the older seats in its possession or documents that show these changes,"
25   which Specialized has not produced. *Id.* According to Icon, of the documents Specialized has
26   produced, none suggest or demonstrate that structural changes were made to the seats listed in the
27   chart. *Id.* To the extent that Specialized has any of these documents that show specific designs of
28   accused models from 2006 through the present and has failed to produce them, Icon seeks an order

3

1   compelling Specialized to do so. *Id.* Icon also seeks an order compelling Specialized to produce
2   physical models of accused saddles. *Id.*

3   As to the design documents, Specialized responded to Icon's Request for Production of
4   "all CAD drawings, materials lists, specifications, and sales manuals," with several objections,
5   including ESI objections. Specifically, Specialized argued that a search of its emails and electronic
6   documents would be costly, "overly burdensome, oppressive, and not reasonably calculated to
7   lead to the discovery of admissible evidence." *Id.*, Ex. C, Response to Request for Production No.
8   9. Specialized claims that, subject to its objections, it conducted a reasonable search responsive to
9   Icon's requests. Phys. Embodiments Ltr. Specialized also states that it did not use CAD or design
10  files for many of its saddles. *Id.*, Ex. D, Bird Depo. at 26:4-33-21. Finally, Specialized points out
11  that the parties signed a stipulation agreeing upon specific search terms for Specialized's email
12  searching, with which Specialized has complied. Phys. Embodiments Ltr. Icon has not responded
13  to Specialized's objections. *Id.*

## DISCUSSION

### A. Italian Litigation Letter

Because Icon has either already produced or agreed to produce the documents requested by Specialized, the only issue apparent in the Italian Litigation Letter is whether Icon is obligated to produce the Italian Litigation documents in English. Specialized specifically requests "all technical reports, opinions and claim charts relating to the Italian Litigation, including English versions thereof." Ital. Lit. Ltr.

Icon is not obligated to translate the Italian Litigation documents for Specialized. "Normally, in responding to a request for production of documents, the requesting party [] bear[s] the cost of translating documents written in a foreign language." *E&J Gallo Winery v. Cantine Rallo, S.p.A.,* 2006 WL 3251830, at *5 (E.D. Cal. Nov. 8, 2006); *see also Cook v. Volkswagen of America, Inc.*, 101 F.R.D. 92 (S.D. W. Va. 1984) (commenting that the better reasoned view requires the party making a document request to bear the expense of translation at the discovery phase of litigation). However, to the extent that Specialized seeks "*original reports* in English that correspond to . . . Italian reports," it is entitled to discovery. *Id.* (emphasis added).

4

**B.    Physical Embodiments Letter**

      1.    <u>Physical Saddles</u>

Icon seeks an order compelling Specialized to produce physical models of accused saddles so that Icon can assess the alleged design changes of the accused seats as related to infringement. Ital. Lit. Ltr. Specialized has agreed to sell Icon whatever sample saddles it has in its possession if Icon provides the SKU numbers for the desired saddles. *Id.* According to Specialized, "Icon has the catalogs and sales information for the accused products and could easily provide" the SKU numbers. *Id.* Icon does not suggest that providing the SKU numbers would constitute an undue burden, nor does it respond to Specialized's request for SKU numbers at all in the Joint Letter. *See* Ital. Lit. Ltr.

Because Specialized has agreed to produce all saddle models in its possession upon receipt of the SKU numbers and Icon has failed to show that providing the SKU numbers would constitute an undue burden, the Court hereby orders Specialized to comply with Icon's specific requests for saddle models identified by SKU number. *See ASUS Computer Int'l v. Round Rock Research, LLC*, 2013 WL 6113253, at *1 (N.D. Cal. Nov. 20, 2013) (granting motion to compel production of relevant documents because the accused infringer failed to demonstrate how production would impose a significant burden).

      2.    <u>Design Documents</u>

Icon seeks an order from the Court compelling Specialized to produce materials documents from the years 2006 through the present that allow Icon to assess the alleged design changes of the accused seats as relating to infringement. Specialized asserts that it has complied with Icon's requests for design documents subject to its objections regarding unlimited ESI searching and the parties' stipulation setting forth specific search terms for Specialized's email searching. Ital. Lit. Ltr.

Regarding ESI searching for emails, the parties stipulated that Specialized would use specific search terms and custodians for its email searching. *Id.* The stipulation explicitly stated that Specialized would not conduct further email searches beyond those agreed to in the stipulation with two exceptions, neither of which is applicable here. *Id.* Specialized states that it has complied

1   with the stipulation, and that email production was completed on October 22, 2014.

2   With regard to Icon's request for other electronic design documents, Specialized objects that unlimited ESI searching "would be extremely cumbersome, time consuming, disruptive to Specialized's operations, and very costly." *Id.*; Ex. B., Specialized's Response to Interrogatory No. 2. However, Specialized does not explain how and why this is so. Thus, Specialized has not articulated what it considers it to be an unreasonable ESI search and, without more, Specialized has not met its burden of showing that Icon's request is unduly burdensome. Accordingly, Icon is entitled to discovery of Specialized's non-email ESI design documents.

## CONCLUSION

For the foregoing reasons, to the extent that Icon has not already produced the technical reports, opinions, and claim charts relating to the Italian Litigation, as well as all documents considered by Dr. Harrigan, Specialized's motion is GRANTED. Icon's motion to compel Specialized to produce for sale all physical saddle models in its possession is GRANTED, so long as Icon first identifies the SKU numbers of the saddle models it seeks. Finally, Icon's motion to compel Specialized to produce all design documents relating to the accused products is GRANTED, except that, pursuant to the parties' stipulation, Specialized need not conduct any further email searches.

**IT IS SO ORDERED.**

Dated: December 2, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge