UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD., <br><br>    Plaintiff, <br><br>    v. <br><br>SPECIALIZED BICYCLE COMPONENTS, INC., <br><br>    Defendant. | Case No.  12-cv-03844-JST <br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br>Re: ECF No. 113 |

In this action for patent infringement, Defendant Specialized Bicycle Components, Inc. ("Specialized") moves for leave to amend its invalidity contentions to include a patent issued in 1895 to Perry ("the Perry Patent")  as prior art to U.S. Patent No. 6,254,180 ("the '180 patent"). ECF No. 113.  Plaintiff Icon-IP Pty Ltd. ("Icon") opposes the Motion. ECF No. 117.  For the reasons set forth below, the Motion is DENIED.

**I.    BACKGROUND**

    **A. The Perry Patent**

Icon alleges that bicycle seats manufactured, sold, and/or offered for sale by Specialized infringe two of its patents, U.S. Patent No. 6,378,938 and U.S. Patent No. 6,254,180. ECF No. 1.

Specialized served its invalidity contentions on January 14, 2013.  ECF No. 114 ¶ 2.  By stipulation, approved by the Court on June 6, 2014, Specialized has amended its contentions in light of adverse claim constructions.  ECF No. 78.  The Court denied a previous motion for leave to amend invalidity contentions on October 20, 2014.  ECF No. 121.

Specialized now seeks to amend its invalidity contentions due to its recent identification of the Perry Patent as material prior art.  ECF No. 113 at 3.  Specialized's counsel explains that after this case commenced in July 2012, he commissioned a professional search firm to complete extensive prior art searching and requested that Specialized also search for prior art to the '180

patent. ECF 114 ¶ 12. Despite these search efforts, Specialized did not discover the 1895 Perry Patent until Icon produced a file, mostly in the Italian language, relating to a pending suit in Italy. Id.

In June 2013, Specialized requested that Icon produce all documents related to any enforcement of or litigation involving the asserted patents or any related patents, and any documents related to actual or potential prior art raised during such litigation. See ECF No. 114-3. Icon objected to these requests on numerous grounds, including: (1) to the extent they requested documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege; (2) that the requests were "overly broad and unduly burdensome, vague and ambiguous;" (3) to the extent documents responsive to the request were in the possession of third parties; (4) to the extent documents responsive to the request were equally available to Specialized from other, publicly available sources; and (5) that they sought documents not relevant to any party's claim or defense. Id. Icon stated that "[s]ubject to and limited by" these objections, it would produce responsive, relevant, non-privileged documents that could be located following a reasonable search. Id.

On August 1, 2014, Specialized received documents from Icon referencing a lawsuit in Italy against Selle Royal and requested documents concerning this litigation.[1] ECF Nos. 118-1, 120 ¶¶ 3–4. Icon objected to producing these documents, ECF No. 118-2, but explains that after meeting and conferring with Specialized, it agreed to produce all documents relating to the Italian

---

[1] Icon's Opposition to Specialized's Motion for Leave to Amend Its Invalidity Contentions and Declaration in Support of Icon's Opposition to Specialized's Motion for Leave to Amend Its Invalidity Contentions reference disclosures made in mediation between the parties. ECF Nos. 117, 118. The parties' Confidentiality Agreement provides that:

> [T]he entire mediation process is confidential. . . . To the extent permitted by law, all mediation communications, oral or written, are privileged settlement discussions . . . . Mediation communications are inadmissible for any purpose . . . in any legal proceeding or discovery and may not be disclosed to third parties . . . .

ECF No. 120-1 at 2. Accordingly, the Court will not consider any reference to statements made in mediation. See Facebook, Inc. v. Pacific Northwest Software, Inc., 640 F.3d 1034, 1041 (9th Cir. 2011).

litigation in order to avoid motion practice. ECF No. 117 at 3. Icon's counsel states that Icon produced the documents, including the English version of the Perry Patent, on August 22, 2014. ECF No. 117 at 3; ECF No. 118 ¶ 6. Specialized's counsel states that Icon produced the 3,400-page file on August 28, 2014, and Specialized's Italian counsel identified a listing of prior art in a document in Italian on September 15, 2014. ECF No. 114 ¶¶ 5, 7. Specialized's counsel reviewed the Perry Patent on September 22, 2014, and notified Icon of Specialized's intent to seek to amend its invalidity contentions on September 23, 2014. Id. ¶¶ 9–10. The Motion for Leave to Amend Invalidity Contentions was filed on September 25, 2014, and set for hearing on October 30, 2014. ECF No. 113. When Specialized filed this motion, fact discovery was scheduled to close on October 24, 2014. ECF No. 97. The parties have since stipulated to extend fact discovery through November 26, 2014, but have limited the available depositions and deposition topics. ECF No. 134. Expert discovery closes on January 21, 2015. Id.

### B. Jurisdiction

The court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338.

## II. LEGAL STANDARD

"The Northern District of California has adopted local rules that require parties to state early in the litigation and with specificity their contentions with respect to infringement and invalidity." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1359 (Fed Cir. 2006). A party may amend its infringement contentions or invalidity contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6. "Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause" include: (1) an adverse claim construction; (2) recent discovery of material prior art despite an earlier diligent search; and (3) recent discovery of nonpublic information about the accused product that, despite diligent efforts, was not discovered before service of the infringement contentions. Patent L.R. 3-6(a)–(c).

This approach allows courts to "balance the right to develop new information in discovery with the need for certainty as to the legal theories." Golden Hour Data Systems, Inc. v. Health Services Integration, Inc., No. 06-cv-07477-SI, 2008 WL 2622794, at *2 (N.D. Cal. Jul 1, 2008)

1  (quoting O2 Micro, 467 F.3d at 1366). "In contrast to the more liberal policy for amending

2  pleadings, 'the philosophy behind amending claim charts is decidedly conservative, and designed

3  to prevent the shifting sands approach to claim construction.'" Symantec Corp. v. Veeam Corp.,

4  No. 12-cv-00700-SI, 2013 WL 3490392, at *2 (N.D. Cal. July 11, 2013) (quoting LG Elecs. Inc.

5  v. Q-Lity Computer Inc., 211 F.R.D. 360, 367 (N.D. Cal. 2002)). The patent local rules are

6  "designed to require parties to crystallize their theories of the case early in the litigation and to

7  adhere to those theories once they have been disclosed." O2 Micro, 467 F.3d at 1366 n.12

8  (quoting Nova Measuring Instruments Ltd. v. Nanometrics, Inc., 417 F. Supp. 2d 1121, 1123

9  (N.D. Cal. 2006)).

10  In determining whether good cause exists, the Court must first consider whether the party seeking amendment was diligent in moving for leave to amend and then whether the proposed amendment would prejudice the non-moving party. Id. at 1368. The burden is on the moving party to establish diligence. Id. at 1366. If the Court finds that the moving party was not diligent, the Court need not consider the question of prejudice. Id. at 1368.

### III. DISCUSSION

Specialized moves to amend its invalidity contentions to include the Perry Patent as prior art to the '180 Patent. ECF No. 113. Specialized argues that has been diligent in finding the patent, reviewing it, and moving to amend its contentions, and that the proposed addition will not prejudice Icon. Id. Icon argues that Specialized has failed to establish diligence, and that Icon will be prejudiced by any amendment to Specialized's invalidity contentions at this late stage in the litigation. ECF No. 117.

#### A. Diligence

The Court concludes that Specialized has been diligent in seeking to amend its invalidity contentions. Specialized explains that at the outset of this litigation, it commissioned a professional prior art search firm and requested that its own contacts conduct additional searching for prior art. ECF No. 114 ¶ 12. Despite these efforts, it did not discover the Perry Patent until after Icon produced the Italian litigation file. Id. Unlike the information concerning the "Dakar" and "Plus" saddles, at issue in Specialized's previous Motion for Leave to Amend Its Invalidity

4

Contentions, ECF No. 93, there is no suggestion that the Perry Patent was referenced in Specialized's own files. After Icon produced the file, the Court is satisfied that Specialized was diligent in promptly forwarding the file to Italian-speaking counsel for translation, identifying the Perry Patent, and notifying Icon of its intention to seek leave to amend its invalidity contentions. See ECF No. 114.

The Court disagrees with Icon's characterization of Specialized's statements concerning diligence as "conclusory and vague." ECF No. 117 at 4. Specialized has filed declarations providing a detailed description of its search efforts, including the employment of an experienced professional search firm. ECF Nos. 114, 120; see Positive Techs., Inc. v. Sony Elecs., Inc., No. 11-cv-2226-SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013) (disagreeing that defendants' statements showing diligence were "conclusory" where defendants "provide a detailed time-line showing that they made reasonable efforts to discover this information"). Icon cites no authority in support of its request that the Court should order Specialized to disclose documents relating to its prior art search in order to allow Icon to investigate the truth of the statements made in these declarations. ECF No. 117 at 5. Similarly, the Court is not persuaded by Icon's suggestion that a diligent search would necessarily have uncovered this publicly available patent. Id. at 9. Although a diligent search should reveal well-known prior art references, see Catch a Wave Techs, Inc. v. Sirius XM Radio, Inc., No. 12-cv-05791-WHA, 2014 WL 186405, at *2 (Jan. 16, 2014), there is no suggestion that this 1895 patent is well-known or otherwise should have been straightforward to discover. Compare Symantec Corp. v. Acronis Corp., No. 11-5310 EMC (JSC), 2013 WL 5368053, at *4 (N.D. Cal. Sept. 25, 2013) (release date for prior art at issue was posted on defendant's own website and could be found in several documents produced by defendant during discovery). The record shows that Specialized's efforts to discover this prior art and to seek amendment were reasonable.

**B.     Prejudice**

Having concluded that Specialized has established diligence, the Court next considers whether the proposed amendment would prejudice Icon. See O2 Micro, 467 F.3d at 1368. Specialized argues that the proposed amendments will not prejudice Icon because although fact

1    discovery has closed, the 1895 Perry Patent clearly qualifies as prior art and is not a subject for

2    fact discovery.  ECF No. 113 at 8.  Specialized proposes that Icon will be able to discover any

3    relevant facts at an outstanding deposition that was likely to have been taken in November.[2]  ECF

4    No. 119 at 4–5.  Specialized further states that the new claim chart for the Perry Patent is similar

5    to existing claim charts for prior art to the '180 patent and therefore would not require any new or

6    burdensome analysis.  ECF No. 113 at 8–9.  Finally, in Specialized's view, Icon delayed in

7    producing the Italian file in response to Specialized's June 2013 document requests and should not

8    benefit from its own tardiness.  Id. at 8.  Specialized explains that because it had no way of

9    knowing that the Italian litigation existed before August 1, 2014, it did not contemplate filing a

10   motion to compel in order to obtain the file.  Id.

11           Icon responds that this case is too far advanced for Specialized to claim that the addition of

12   a new item of prior art would not prejudice Icon, noting that Specialized scheduled this motion for

13   hearing after the close of fact discovery and weeks from the designation of experts and submission

14   of opening expert reports.  ECF No. 117 at 8.  Icon argues that it is entitled to fact discovery

15   regarding Specialized's new invalidity theories, and should not be limited to expert discovery on

16   the Perry Patent due to Specialized's belated discovery of the patent.  Id.  Icon objects to

17   Specialized's suggestion that Icon was dilatory in producing the Italian litigation documents,

18   noting that it had objected to producing documents concerning related patents and that Specialized

19   did not move to compel any further responses.  Id. at 8–9.

20           The Court concludes that any amendment to Specialized's invalidity contentions at this

21   stage in the litigation would be prejudicial to Icon.  When Specialized filed this motion, fact

22   discovery was scheduled to close on October 24, 2014.  ECF No. 97.  Although the parties have

23   since stipulated to an extension of the fact discovery deadline, the available depositions and

24   deposition topics are limited.  ECF No. 134.  The case is scheduled for trial beginning on May 26,

25   2015.  Id.; see, e.g., Symantec Corp. v. Acronis Corp., No. 11-cv-5310-EMC (JSC), 2013 WL

---

[2] This argument no longer applies, as the parties have stipulated that Specialized will not produce a witness on the relevant Federal Rule of Civil Procedure 30(b)(6) deposition topic.  See ECF No. 119 at 4–5; ECF No. 134 at 2–3.

1  5368053, at *8 (N.D. Cal. Sept. 25, 2013) (finding prejudice where fact discovery had closed and
2  expert discovery was underway, even though prior art technology was not substantially new
3  technology and moving party had attempted to promptly provide opponent with relevant
4  discovery); Dynetix Design Solutions Inc. v. Synopsys Inc., No. 11-cv-05973-PSG, 2012 WL
5  6019898, at *3 (N.D. Cal. Dec. 3, 2012) (finding prejudice where new contentions were added
6  after the claim construction ruling and would expand the case substantially); CBS Interactive, Inc.
7  v. Etilize, Inc., 257 F.R.D. 195, 203 (N.D. Cal. Jan. 7, 2009) (where two months remained before
8  trial, moving party's right to amend in good faith was far outweighed by the countervailing duty to
9  avoid prejudicing opposing party through eleventh-hour alterations); Positive Techs., 2013 WL
10 322556, at *4 (granting leave to amend invalidity contentions "[g]iven the timing of defendants'
11 request, well before the close of discovery and absent any showing of prejudice").  Specialized
12 does not cite any case in which a court has granted leave to amend invalidity contentions at this
13 late stage.  "[L]ike all patent cases, this case must narrow as it moves forward, not expand."
14 Dynetix Design Solutions, 2012 WL 6019898, at *3.

15       Specialized's argument that the Court should disregard any prejudice to Icon because Icon
16 delayed in producing the Italian litigation file is unpersuasive.  Icon objected to producing
17 documents related to litigation involving related patents on multiple grounds (including arguments
18 that such documents were irrelevant and were equally available to Specialized from publicly
19 available sources), and stated its intention to produce responsive, relevant, non-privileged
20 documents "[s]ubject to and limited by" its objections.  ECF No. 114-3.  Specialized chose not to
21 follow up on these objections or move to compel any further responses, and cannot now argue that
22 Icon's conduct negates the serious prejudice that Icon would suffer if Specialized were permitted
23 to amend its invalidity contentions at this late stage in the litigation.  See Symantec, 2013 WL
24 5368053, at *7 ("Acronis delayed taking Mr. Searls' deposition and did not move to compel any
25 further responses to Symantec's allegedly deficient interrogatory responses.  Having failed to
26 follow up on available information and Symantec's discovery objections, Acronis cannot now
27 blame Symantec for . . . the delay in discovering the BE prior art.").
28 / / /

## IV. CONCLUSION

For the foregoing reasons, Specialized's Motion for Leave to Amend Its Invalidity Contentions is DENIED.

**IT IS SO ORDERED.**

Dated:  December 5, 2014

_____
JON S. TIGAR
United States District Judge