UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD.,<br><br>        Plaintiff<br><br>    v.<br><br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br><br>        Defendant | Case No. 12-cv-03844-JST   (MEJ)<br><br>**DISCOVERY ORDER**<br><br>Re: Dkt. No. 145 |

Pending before the Court is the parties' Joint Discovery Dispute Letter, filed January 21, 2015. Dkt. No. 145. Plaintiff Icon-IP Pty Ltd. ("Icon") seeks to quash Defendant Specialized Bicycle Components, Inc.'s ("Specialized") non-party subpoenas served on ACT Lab LLC and John Bogler, the president and founder of ACT Lab. Icon maintains that ACT Lab's and Mr. Bogler's roles in this litigation are limited to performing testing on bicycle seats[1] for Icon, certain of which Icon's designated technical expert, Dr. Harrigan, relied on in his Federal Rule of Civil Procedure ("Rule") 26(a)(2)(b) report. Jt. Ltr. at 1. As fact discovery in this case closed on November 26, 2014 (*see* Dkt. No. 134), Icon maintains that the subpoenas are untimely.

In response, Specialized argues that it is entitled to depose ACT Lab and Mr. Bogler, because both Dr. Harrigan and Icon relied upon their testing in the infringement contentions and throughout the case, but have now abandoned it. Jt. Ltr. at 4. Specialized "seeks the rest of the story and background relating to this sudden change in Icon's basis for infringement." *Id.* In addition, because Dr. Harrigan considered these tests, Specialized argues that its requests are expert discovery, which did not close until January 21, 2015, the day the parties filed this letter.

---

[1] Icon accuses 33 of Specialized's bicycle saddles of infringing U.S. Patent No. 6,378,938 ("the '938 Patent") and/or U.S. Patent No. 6,254,180 ("the '180 Patent"). Compl., Dkt. No. 1. Specialized has asserted a counterclaim for declaratory judgment of non-infringement and invalidity of the '938 and '180 Patents. Answer & Countercl., Dkt. No. 10.

*See* Dkt. No. 134.

Given that fact discovery closed in November, the subpoenas would only be proper if they are part of expert discovery. Rule 26(a)(2)(B)(ii) requires the production of "the facts or data considered by the [expert] witness in forming" his or her opinions. Courts have read the term "considered" to include information that an expert reviews or generates, "regardless of whether the experts actually rely on those materials as a basis for their opinions." *See, e.g.*, *S.E.C. v. Reyes*, 2007 WL 963422, at *1 (N.D. Cal. Mar. 30, 2007). However, Rule 26(b)(4)(D) provides that a party may not "discover facts known or opinions held by an expert who has been retained or specifically employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial" unless, in relevant part, exceptional circumstances can be shown. Exceptional circumstances exist where the condition observed by the expert is no longer observable, where the costs of an independent examination would be judicially prohibitive, or where there are no other available experts in the same field or subject area. *Oki Am., Inc. v. Advanced Micro Devices, Inc.*, 2006 WL 2987022 at *2 (N.D. Cal. Sept. 27, 2006).

Here, the Court concludes that Rule 26(b)(4)(D) does not provide a ground on which Specialized's subpoenas could be considered expert discovery. First, Icon will not rely on ACT Lab's or Mr. Bogler's testimony at trial. Jt. Ltr. at 2. Thus, Rule 26 does not provide authority for their depositions outside the fact discovery period. *See* Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial."). Second, Specialized has made no showing that any of Rule 26(b)(4)(D)'s exceptional circumstances exist in this case.

However, Specialized argues that the subpoenas are properly related to expert discovery because ACT Lab's and Mr. Bogler's testing and analysis required close collaboration with Dr. Harrigan. Jt. Ltr. at 4-5 (citing Harrigan Dep., Jt. Ltr., Ex. E at 55:17-58:22). In support, Specialized cites to *Apple Inc. v. Amazon.com, Inc.*, 2013 WL 1320760 (N.D. Cal. Apr. 1, 2013), where the court considered whether Apple should be compelled to produce discovery related to survey work completed by two non-testifying experts that later became assistants to Apple's testifying expert. *Id.* at *1. Because of the collaborative nature of the testifying and non-testifying

experts' subsequent work together, the court found that some discovery was appropriate, but only as to the work completed with the testifying expert. *Id.* at *2. The court noted that the experts "sometimes jointly examine and discuss the results of the surveys," and that the billing records for their work with the testifying expert included hours spent on the initial survey work. *Id.* at *1-2. However, the court did not require Apple to produce the experts' work from before they became the testifying expert's assistants, finding that it might violate Rule 26(b)(4)(D). *Id.* at *2.

Here, although Specialized maintains that ACT and Mr. Bogler closely collaborated with Dr. Harrigan, Dr. Harrigan testified that he approved the protocols and directed the testing, and only spoke to Mr. Bogler and others at ACT about "incidentals," such as "getting there and making sure that everybody was going to be available," and looking at testing protocols "to make sure that everything was going well." Harrigan Dep. at 55:17-58:1. There is no indication that this interaction rises to the collaborative nature of the work of the experts in *Apple*.

Further, Specialized's deposition topics are not limited to the testing that Dr. Harrigan considered in his report in this case. Instead, Specialized's topics are directed towards testing that ACT Lab completed for different litigation involving related European patents (Jt. Ltr., Ex. A (Dep. Not.), Topics 6, 11); testing completed at the request of the inventor of the patents (Topic 4); all testing completed at the request of Icon (Topic 1); communications between ACT Lab and the inventor (Topic 10); and between ACT Lab and Icon or Icon's counsel (Topic 9).

Based on the record before it, the Court finds that Specialized's "[Rule] 45 subpoenas constitute pretrial discovery that must be served within the specified discovery period." *MedImmune, LLC v. PDL Biopharma, Inc.*, 2010 WL 1266770, at *1 (N.D. Cal. Apr. 1, 2010) (citations omitted). Accordingly, as fact discovery closed in November 2014, Specialized must seek leave from the presiding judge to conduct such discovery.

**IT IS SO ORDERED.**

Dated: January 22, 2015

MARIA-ELENA JAMES
United States Magistrate Judge