UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICON-IP PTY LTD.,<br><br>    Plaintiff,<br><br>    v.<br><br>SPECIALIZED BICYCLE COMPONENTS, INC.,<br><br>    Defendant. | Case No. 12-cv-03844-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL**<br><br>Re: ECF Nos. 151, 174, 176, 191, 211 |

Before the Court are five administrative motions to file under seal filed by Plaintiff Icon-IP Pty Ltd. ("Icon") and Defendant Specialized Bicycle Components, Inc. ("Specialized"). ECF Nos. 151, 174, 176, 191, 211. For the reasons set forth below, the Court will grant these motions in part and deny them in part.

## I.    LEGAL STANDARD

A party seeking to seal a document filed with the Court must (1) comply with Civil Local Rule 79-5; and (2) rebut the "strong presumption in favor of access" that applies to all court documents other than grand jury transcripts and pre-indictment warrant materials. Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006).

With respect to the first prong, Local Rule 79-5 provides that a sealing order may be issued only upon a request that (1) "establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law;" and (2) is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(b). An administrative motion to file under seal must also meet the requirements of Civil Local Rule 79-5(d). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(d)(1)(A).

1    With respect to the second prong, the showing required to overcome the strong
2 presumption of access to judicial records depends on the type of motion to which the document is
3 attached. When the materials at issue are attached to dispositive pleadings, "including motions for
4 summary judgment and related attachments," the party seeking a sealing order must "articulate
5 compelling reasons supported by specific factual findings that outweigh the general history of
6 access and the public policies favoring disclosure, such as the public interest in understanding the
7 judicial process." Kamakana, 447 F.3d at 1178-80 (internal alterations and citations omitted).
8    On the other hand, when a party seeks to "preserv[e] the secrecy of sealed discovery
9 material attached to non-dispositive motions," the party need only make "a particularized showing
10 under the good cause standard of Rule 26(c)" to justify sealing the materials. Id. at 1180 (internal
11 citation and quotation marks omitted). A court may, for good cause, keep documents confidential
12 "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or
13 expense." Fed. R. Civ. P. 26(c).
14    A district court must "articulate [the] reasoning or findings underlying its decision to seal."
15 Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied., 132 S. Ct. 2374
16 (2012).

## II. DISCUSSION

### A. Motion to File under Seal Documents Related to Defendant's Motion for Summary Judgment (ECF No. 151)

Defendants seek to file under seal unredacted Exhibits 28, 29, 30, 31, 32, 33, 54, 58, 59, 60, and 61 to the Declaration of Darrell L. Olsen in Support of Specialized's Motion for Summary Judgment. ECF No. 151. Icon has designated information in Exhibits 28 and 54 confidential. ECF No. 151-1 at 1. Specialized has designated information in the remaining exhibits confidential. Id. at 2.

Because these documents relate to a dispositive motion, the "compelling reasons" standard applies. "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal,

circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon v. Warner Commc'ns, 435 U.S. 589, 598 (1978)); see also Nixon, 435 U.S. at 598 ("courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption or as sources of business information that might harm a litigant's competitive standing" (internal citations omitted)). The Ninth Circuit, in an unpublished opinion, has identified a trade secret in this context as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." In re Elec. Arts, Inc., 298 F. App'x 568, 569 (9th Cir. 2008). The Federal Circuit has similarly concluded that, under Ninth Circuit law, pricing, profit, and customer usage information, when kept confidential by a company, is appropriately sealable under the "compelling reasons" standard where that information could be used to the company's competitive disadvantage. See Apple Inc. v. Samsung Elecs. Co. Ltd., 727 F.3d 1214 (Fed. Cir. 2013).

The "compelling reasons" standard is a strict one. "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." Kamakana, 447 F.3d at 1184. In particular, "[a]n unsupported assertion of unfair advantage to competitors without explaining how a competitor would use the information to obtain an unfair advantage is insufficient." Hodges v. Apple, Inc., No. 13-cv-01128-WHO, 2013 WL 6070408, at *2 (N.D. Cal. Nov. 18, 2013) (internal quotation marks and alterations omitted); Open Text S.A. v. Box, Inc., No. 13-cv-04910-JD, 2014 WL 7368594, at *2 (N.D. Cal. Dec. 26, 2014).

### 1. Exhibit 28 to Defendant's Motion for Summary Judgment

The request to seal Exhibit 28 is granted. The Court is satisfied that the redacted portions of the transcript of the deposition of third party Paul Nelson include "highly sensitive business information regarding Mr. Nelson's ownership of Nelson Seating Pty. Ltd." that could damage Nelson's business interests, see ECF No. 178 at 2, and that this constitutes a compelling reason to seal this material. The request meets the narrow tailoring requirement because only confidential information has been redacted from the transcript. See Civil L.R. 79-5(b).

3

### 2. Exhibits 29, 30, 31, 32, and 33 to Defendant's Motion for Summary Judgment

The requests to seal Exhibits 29, 30, 31, 32, and 33 to Defendant's Motion for Summary Judgment are denied. Specialized explains that these deposition transcripts contain confidential information about Specialized's research and development of its saddles; budget for research and development; proprietary design and manufacturing process; marketing, sales, and revenue; and confidential consulting and licensing agreements with third parties. ECF No. 151-1, at 2-4. Specialized states that this information is not publicly available and that public release would result in an invasion of third parties' privacy and a competitive disadvantage to Specialized. Id.

The Court has reviewed these transcripts and concludes that although there may be compelling reasons to seal some portions of some or all of these exhibits, Specialized has failed to articulate these reasons or to explain why the exhibits must be sealed in their entirety. The declaration filed in support of the motion to file these documents under seal, like the declarations filed by Specialized in support of the remaining administrative motions discussed in this order,[1] does not claim that there are compelling reasons to seal them. Rather, Specialized cites Dynetic Design Solutions Inc. v. Synopsys Inc., No. 11-cv-05973-PSG, 2013 WL 2285210, at *1 (N.D. Cal. May 23, 2013), for the proposition that "records attached to nondispositive motions are not subject to the presumption of public access." Id. at 3. These documents have been filed in connection with a dispositive motion for summary judgment. See ECF No. 153 at 3-4 ("Grant of this motion is case dispositive . . . ."). Specialized must therefore present "compelling reasons sufficient to outweigh the public's interest in disclosure." Kamakana, 447 F.3d at 1179 (internal quotation marks omitted).

### 3. Exhibit 54 to Defendant's Motion for Summary Judgment

The request to seal Exhibit 54 is denied. This document "contains information regarding confidential negotiations between Mr. Nelson and Selle Royal regarding development of saddles under a licensing agreement." ECF No. 178 at 2. The Court is satisfied that the release of certain

---

[1] See ECF No. 179 (Declaration of Benjamin J. Everton) at 2; ECF No. 177 (Declaration of Karen Vogel) at 3; ECF No. 197 (Declaration of Benjamin J. Everton) at 2.

1  details relating to a licensing agreement could be valuable to other potential licensees and that
2  preventing potential damage to Mr. Nelson's business interests could constitute a compelling
3  reason to seal this information. However, the Court is not persuaded that compelling reasons exist
4  to seal the entirety of this document and therefore concludes that the request is not "narrowly
5  tailored to seek sealing of only sealable material." Civil L.R. 79-5(b).

### 4. Exhibit 58 to Defendant's Motion for Summary Judgment

The request to seal Exhibit 58 is granted. This exhibit contains information about assignments, and consulting and license agreements between a third party consultant and Specialized. ECF No. 151-1, at 4. The Court is satisfied that release of this information would result in an invasion of the third party's privacy, that Specialized would suffer competitive harm if this material were made public, and that there are therefore compelling reasons to file this exhibit in its entirety under seal. See In re Electronic Arts, Inc., 298 Fed. Appx. 568, 569 (9th Cir. 2008) (finding compelling reasons to seal the pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement). More specifically, the Court is satisfied that disclosing the terms of these agreements would put Specialized at a disadvantage in future negotiations for similar agreements.

### 5. Exhibits 59, 60, and 61 to Defendant's Motion for Summary Judgment

The requests to seal Exhibits 59, 60, and 61 are granted. These exhibits contain confidential information about invoices and payments to third party consultants. ECF No. 151-1 at 4-6. The Court is satisfied that release of this information would result in an invasion of the privacy of the third party consultants and that disclosing this financial information would put Specialized at a disadvantage in negotiations for similar agreements. These concerns constitute compelling reasons to seal these documents. The request is narrowly tailored because the exhibits contain only confidential information related to invoices and payments.

///
///
///
///

### B. Motion to File under Seal Documents Related to Plaintiff's Motion for Summary Judgment; Plaintiff's Motion to Exclude Roger Minkow, MD; and Plaintiff's Motion to Exclude James McIlvain and Paragraphs 90, 104, 106, 127, 159, 163, 194, and 203 of the Expert Rebuttal Report of Jeffrey Kinrich (ECF No. 174)

Plaintiff seeks to file under seal Exhibits J and M to Icon's Motion for Summary Judgment; Icon's Unredacted Motion for Summary Judgment; Exhibit C to Icon's Motion to Exclude Roger Minkow, MD; and Exhibit C to Icon's Motion to Exclude James McIlvain and Paragraphs 90, 104, 106, 127, 159, 163, 194, and 203 of the Expert Rebuttal Report of Jeffrey Kinrich, which reference McIlvain's opinions. ECF No. 174. These exhibits have been designated confidential by Specialized. Id.

The "compelling reasons" standard applies to documents submitted in support of dispositive motions, like Icon's motion for summary judgment. It also applies, "[i]n some cases," to "a Daubert motion connected to a pending summary judgment motion [that] may be effectively dispositive of a motion for summary judgment." In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 -20 (9th Cir. 2012) (internal quotation marks omitted); see Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993). In In re Midland National Life Insurance Company Annuity Sales Practices Litigation, the Ninth Circuit found that judicial records linked to a Daubert motion were filed "in connection" with pending summary judgment motions, and that the "compelling reasons" standard therefore applied, where the "records at issue pertain[ed] to 'central issues bearing on defendant's summary judgment motion'" and the challenged expert had been appointed to assist the court in resolving the motion. In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d at 1120 (quoting San Jose Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1102 (9th Cir 1999)).

Here, the Court concludes that the "compelling reasons" standard applies to the records filed in connection with Icon's Motion to Exclude Roger Minkow, MD. Specialized relies on Minkow's expert report for its argument that the accused bicycle saddles do not infringe the asserted claims of U.S. Patent No. 6,378,938 ("'938 patent"). See ECF No. 153 at 28-31. Because Minkow's report pertains to "central issues bearing on defendant's summary judgment motion," and because exclusion of the report "may be effectively dispositive" of Specialized's

non-infringement argument with respect to the '938 patent, use of the "compelling reasons" standard is appropriate. See In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d at 1119-20 (internal quotation marks omitted).

With respect to the documents filed in connection with Icon's Motion to Exclude James McIlvain and Paragraphs 90, 104, 106, 127, 159, 163, 194, and 203 of the Expert Rebuttal Report of Jeffrey Kinrich, however, the Court will apply the good cause standard applicable to non-dispositive motions. Specialized retained McIlvain to provide expert testimony in order to respond to Icon's damages claim. ECF No. 180 at 1. His report addresses "the bases for the commercial success of Specialized's Body Geometry line of saddles." ECF No. 169-3 at 1. But McIlvain is not a damages expert, and Jeffrey Kinrich, who is Specialized's damages expert, testified that he relied on McIlvain's opinions "[t]o the smallest degree" and that "[i]f [they] didn't exist, it wouldn't change anything." ECF No. 18-1 at 14:22-15:16. Because the exclusion of McIlvain's testimony would not be effectively dispositive of any of the issues raised in the parties' motions for summary judgment, the Court concludes that the good cause standard applies.

### 1.     Exhibits J and M to Icon's Motion for Summary Judgment

The requests to seal Exhibits J and M to Icon's Motion for Summary Judgment are denied. Specialized explains that these deposition transcripts contain confidential information relating to marketing strategies, manufacturing and distribution, research and development, and design. ECF No. 179 at 2-3. Specialized states that this information is not publicly available and that public release would result in competitive harm to Specialized. Id. The Court has reviewed these transcripts and concludes that although there may be compelling reasons to seal some portions of one or both of these exhibits, Specialized has failed to articulate these reasons or to explain why the exhibits should be sealed in their entirety. Because the Court is denying the requests to seal Exhibits J and M under seal, it also denies the request to seal portions of Icon's motion for summary judgment that refer to or contain excerpts from Exhibits J and M.

### 2.     Exhibit C to Icon's Motion to Exclude Roger Minkow, MD

The request to seal Exhibit C to Icon's Motion to Exclude Roger Minkow, MD is denied. Specialized states that this exhibit contains "confidential deposition testimony of a third party" and

7

proprietary technical information about Specialized's research, development, testing, and design of its saddles. ECF No. 179 at 1. According to Specialized, this information is not publicly available, and release would result in competitive harm to Specialized. Id. The Court has reviewed this transcript, and concludes that although there may be compelling reasons to seal some portions of this exhibit, Specialized has failed to articulate these reasons or to explain why the exhibit should be sealed in its entirety.

### 3. Exhibit C to Icon's Motion to Exclude James McIlvain and Paragraphs 90, 104, 106, 127, 159, 163, 194, and 203 of the Expert Rebuttal Report of Jeffrey Kinrich

The request to seal Exhibit C to Icon's Motion to Exclude James McIlvain and Paragraphs 90, 104, 106, 127, 159, 163, 194, and 203 is denied. The Court is satisfied that good cause exists to seal portions of the Rebuttal Expert Report of Jeffrey Kinrich, which contains confidential information relating to sales, revenues, profits and costs, consulting and licensing agreements, manufacturing, pricing, and sales and marketing strategies. ECF No. 179 at 1-2. Specialized states that this information is not publicly available, and that release would result in competitive harm to Specialized. Id. The Court has reviewed the report and concludes that sealing is appropriate to protect Specialized from the "undue burden" that would result from public release of this information. See Fed. R. Civ. P. 26(c). Specialized has not, however, established that there is good cause to seal the entire report, which also contains publicly available information. Because the request is not "narrowly tailored to seek sealing of only sealable material," as required by Local Rule 79-5, it must be denied.

### C. Motion to File under Seal Documents Related to Defendant's Motion to Exclude Frank Bernatowicz (ECF No. 176)

Defendant seeks to file under seal its unredacted Motion to Exclude Frank Bernatowicz and Exhibits 1, 4, and 5 to this motion. ECF No. 177. Icon is the designating party for Exhibits 1 and 4. Id. at 1. Specialized is the designating party for Exhibit 5. Id. Both Icon and Specialized have designated confidential information referenced in Specialized's Motion to Exclude Frank Bernatowicz. Id.

The Court concludes that the "compelling reasons" standard applies to documents filed in

8

connection with Specialized's Motion to Exclude Frank Bernatowicz.  This motion is "aimed squarely at the other side's damages methodology" and "[e]xclusion of this testimony could cause a crippling blow to the sponsoring party's ability to prove its case."  Open Text S.A. v. Box, Inc., 2014 WL 7368594, at *2.  The "compelling reasons" standard is therefore appropriate.  Id.; see also In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d at 1119-20.

### 1. Exhibits 1 and 4 to Defendant's Motion to Exclude Frank Bernatowicz

The request to seal Exhibit 4, a settlement agreement between Nelson Seating Pty Ltd. and Selle Royal, is granted.  Icon explains that this agreement contains sensitive information that Nelson and Selle Royal contractually agreed to keep confidential, and that Nelson would be harmed if the material were made public.  ECF No. 178 at 3.  After reviewing these documents, the Court is satisfied that the release of this information would result in competitive harm to Nelson and that there are therefore compelling reasons to file this exhibit in its entirety under seal.

The request to seal Exhibit 1 to Defendant's Motion to Exclude Frank Bernatowicz is denied.  Exhibit 1 is Bernatowicz's expert report.  Specialized identifies Icon as the designating party for this document.  ECF No. 177 at 1.  Icon identifies paragraphs 32, 41, 53, and page 25 as containing information concerning the settlement agreement filed as Exhibit 4.  ECF No. 178 at 3.  Specialized states that paragraphs 41 (last bullet point), 59, 60, 61, 63-65, 74, 76, 83, 84, 96, 99, 100, 116, 117, 122-24, 126, and Exhibits 1-4 and 10 "contain information that is sealable" because they discuss Specialized's pricing, sales, and profit information; consulting relationships; and/or settlement agreements.  ECF No. 177 at 2.  Because no redacted version or highlighted unredacted version of the document has been filed, however, the Court cannot identify which parts of these paragraphs the parties seek to file under seal.  See Civil L.R. 79-5(d).  The Court finds that this request is not "narrowly tailored to seek sealing of only sealable material" and the request is therefore denied.  Civil L.R. 79-5(b).

### 2. Exhibit 5 to Defendant's Motion to Exclude Frank Bernatowicz

The request to seal Exhibit 5 is denied.  In its declaration in support of the motion to seal, Specialized states only that Exhibit 5 "do[es] contain information that is sealable."  ECF No. 177 at 2.  There is no further explanation of why this deposition transcript should be filed under seal.

9

1  Accordingly, the Court concludes that Specialized has failed to "articulate compelling reasons
2  supported by specific factual findings that outweigh the general history of access and the public
3  policies favoring disclosure." Kamakana, 447 F.3d at 1178-80 (internal alternations and citations
4  omitted).

### 3. Motion to Exclude Frank Bernatowicz

The request to seal the Motion to Exclude Frank Bernatowicz is denied. As an initial matter, this request does not comply with Local Rule 79-5, which states that an administrative motion to file under seal must be accompanied by an unredacted version of the document that "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civil L.R. 79-5(d)(1)(D). Furthermore, Icon's declaration does not state that any portion of this document should be sealed, ECF No. 178, and Specialized does not assert that there are "compelling reasons" to seal the redacted portions or explain how Specialized would be harmed if this information were released, ECF No. 177 at 2.

### D. Motion to File under Seal Documents Related to Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Response to Defendant's Motion to Exclude Frank Bernatowicz (ECF No. 191)

Icon seeks to file under seal unredacted Exhibit 3 to the Declaration of Frank Bernatowicz in Support of Icon's Response to Specialized's Motion for Summary Judgment; unredacted Exhibits 19, 20, 22, 30, 33, 34, 35, 36, 44, 46, and 47 to the Declaration of Frederick C. Laney in Support of Icon's Response to Specialized's Motion for Summary Judgment; portions of Icon's Response to Specialized's Motion for Summary Judgment, and portions of Icon's Response to Specialized's Motion to Exclude Frank Bernatowicz. Icon is the designating party for Exhibits 30, 44, and 46 to the Laney declaration. ECF No. 191-1 at 2-3. Specialized is the designating party for the remaining documents. Id. As discussed above, because these documents have been filed in connection with Defendant's Motion for Summary Judgment and Defendant's Motion to Exclude Frank Bernatowicz, the "compelling reasons" standard applies.

#### 1. Exhibit 30 to the Laney Declaration

The request to seal Exhibit 30 to the Laney Declaration is denied. Icon states that these

excerpts of the deposition testimony of Paul Nelson are highly confidential because they "relate[] to personal health issues." ECF No. 191-1 at 2. While some portions of the transcript do reference personal health issues and there may be compelling reasons to seal them, the transcript also includes extensive discussion of unrelated topics. Because this request to seal is not "narrowly tailored to seek sealing only of sealable material," it must be denied. Civil L.R. 79-5(b).

#### 2.    Exhibits 44 and 46 to the Laney Declaration

The request to seal Exhibits 44 and 46 to the Laney Declaration is granted. The Court is satisfied that there are compelling reasons to seal these exhibits because they relate to personal health issues and because disclosure would cause a serious invasion of the privacy of a third party. These privacy interests are sufficient to outweigh the public's interest in the disclosure of judicial records. The Court is also satisfied that the request is narrowly tailored and that it is appropriate to seal these exhibits in their entirety.

#### 3.    Exhibit 3 to the Bernatowicz Declaration

The request to seal Exhibit 3 to the Bernatowicz Declaration is denied. Exhibit 3 is Bernatowicz's expert report, which was also filed as Exhibit 1 to Defendant's Motion to Exclude Frank Bernatowicz, and is discussed in Section II.C.1, above. In the declarations filed in support of this motion to file under seal, unlike the declarations discussed earlier, neither party identifies specific paragraphs containing confidential information. Rather, Specialized broadly states that the report contains confidential information concerning sales, revenues, profits and costs, consulting and license agreements, manufacturing and pricing, and sales and marketing strategies; and that release of this information would cause Specialized competitive harm. ECF No. 197 at 2. Although the report does contain information that may meet the "compelling reasons" standard, the Court finds that the request is not "narrowly tailored to seek sealing only of sealable material" and it must therefore be denied. Civil L.R. 79-5(b).

#### 4.    Exhibits 19, 20, 22, 33, and 34 to the Laney Declaration

The requests to seal Exhibits 19, 20, 22, 33, and 34 to the Laney Declaration are denied. Specialized explains that these deposition transcripts contain confidential deposition testimony of

11

a third party as well as confidential information about Specialized's research and development of its saddles; budget for research and development; proprietary design and manufacturing process; marketing, sales, and revenue; and consulting and licensing agreements with third parties. ECF No. 197 at 1-4. Specialized states that this information is not publicly available and that public release would result in competitive disadvantage to Specialized. Id. The Court has reviewed these transcripts and concludes that although there may be compelling reasons to seal some portions of some or all of these exhibits, Specialized has failed to articulate these reasons as required by Ninth Circuit precedent or to explain why the exhibits must be sealed in their entirety.

### 5. Exhibit 35 to the Laney Declaration

The request to seal Exhibit 35 to the Laney Declaration is denied. Exhibit 35 is a copy of Specialized's Responses to Icon's first set of interrogatories. Specialized states that this document contains confidential information relating to sales, revenues, profits and costs, research and development, and design and testing processes. ECF No. 197 at 4. Specialized states that release of this information would result in competitive disadvantage to Specialized. Id. The Court has reviewed this document and concludes that although there may be compelling reasons to seal some portions of this exhibit, Specialized has failed to articulate these reasons or to explain why the exhibit should be sealed in its entirety.

### 6. Exhibit 36 to the Laney Declaration

The request to seal Exhibit 36 is granted. The Court has reviewed the detailed financial data in this exhibit and is satisfied that release of this information would result in competitive harm to Specialized and that there are therefore compelling reasons to seal this document. The Court is also satisfied that it is appropriate to seal the exhibit in its entirety and that the narrow tailoring requirement is therefore satisfied.

### 7. Exhibit 47 to the Laney Declaration

This document is identical to a portion of Exhibit 58 to Specialized's Motion for Summary Judgment, discussed in Section II.A.4, above. For the reasons discussed above, the request to seal this exhibit is granted.

### 8. Icon's Responses to Specialized's Motion for Summary Judgment and Motion to Exclude Frank Bernatowicz

The requests to seal Icon's responses to Specialized's Motion for Summary Judgment and Motion to Exclude Frank Bernatowicz are denied. As an initial matter, these requests do not comply with Local Rule 79-5, which states that an administrative motion to file under seal must be accompanied by an unredacted version of the document that "must indicate, by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civil L.R. 79-5(d)(1)(D). Furthermore, Specialized does not assert that there are "compelling reasons" to seal the redacted portions or explain how Specialized would be harmed if this information were released. ECF No. 197 at 5-6.

## E. Motion to File under Seal Documents Related to Defendant's Motion to Exclude Frank Bernatowicz (ECF No. 211)

Specialized seeks to file under seal Exhibit 6 to the Supplemental Declaration of Karen Vogel Weil in Support of Specialized's Motion to Exclude Frank Bernatowicz, filed in connection with its reply in support of the Motion to Exclude Frank Bernatowicz. ECF No. 211-1 at 1. Specialized also seeks to file under seal portions of the reply. Id. at 1-2. Icon is the designating party for Exhibit 6, and both Icon and Specialized are designating parties for the information referenced in the reply. Because these documents were filed in connection with the Motion to Exclude Frank Bernatowicz, discussed above, the "compelling reasons" standard applies.

### 1. Exhibit 6 to the Supplemental Weil Declaration

The request to seal Exhibit 6 to the Supplemental Weil Declaration is denied. Icon explains that this deposition transcript includes information that third party Paul Nelson has designated highly confidential because it contains sensitive business information regarding the amount of royalties received under a licensing agreement and because it includes information regarding his personal health and medical treatment. ECF No. 214 at 2. Icon asserts that if this information were released to the public, it could harm Nelson's business and privacy interests and that this constitutes "good cause to seal" the exhibit. Id. at 2-3. The Court is satisfied that there are compelling reasons to seal some of the information contained in the transcript. In particular, the release of detailed information about a licensing agreement could damage Nelson's position in

13

future negotiations, and the release of information concerning his personal health and medical treatment would seriously infringe upon his privacy. However, this request fails to "seek sealing only of sealable material" and therefore violates the narrow tailoring requirement. Civil L.R. 79-5(b).

### 2. Specialized's Reply in Support of Its Motion to Exclude Frank Bernatowicz

The request to seal portions of Specialized's reply is granted. The Court is satisfied that there are compelling reasons to seal the highlighted portion of the unredacted reply brief. The two paragraphs at issue contain information regarding the number of saddles sold and royalties received by Nelson. ECF No. 214 at 2-3. The release of this information could damage Nelson's position in future negotiations. These paragraphs also discuss the quantity of Specialized's accused saddle sales. ECF No. 211-1. The Court is satisfied that release of this information could cause Specialized competitive harm. The Court also concludes that the request is narrowly tailored in accordance with the local rules because the parties seek to seal only the two paragraphs containing sealable information.

## III. CONCLUSION

Pursuant to Civil Local Rule 79-5(f)(2) and (3), the parties may file unredacted or revised redacted versions, as appropriate, of the documents discussed above that comply with the Court's order within seven days. The parties may also file new motions to seal any or all of the documents discussed above within seven days. New motions to seal must comply with the narrow tailoring requirement; the "compelling reasons" and good cause standards, as appropriate; and Civil Local Rule 79-5. In particular, new motions shall comply with the requirement that the parties must file an unredacted version of the document sought to be filed under seal that indicates, by highlighting

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

14

1  or other clear method, the portions of the document that have been omitted from the redacted
2  version.  See Civil L.R. 79-5(d)(1)(D).
3      IT IS SO ORDERED.
4  Dated: March 3, 2015

                                                   JON S. TIGAR
                                    United States District Judge